### A. DAVIDSON v. C. E. OAKES ET AL.

Decided April 9, 1910.

**Unenforceable Contract—Breach.**

The doctrine that one who knowingly induces another to break his contract with a third person is liable to such third person for the damages resulting, has no application to the breach of a contract which is not enforceable at law; as, for instance, a verbal contract to convey land.

Appeal from the District Court of Potter County. Tried below before Hon. J. N. Browning.

*Lumpkin, Merrill & Lumpkin,* for appellant.

*Gustavus, Bowman & Jackson,* for appellee.

SPEER, Associate Justice.—This action was brought by appellant against C. E. Oakes and E. Eberstadt, alleging that on December 8, 1908, the plaintiff made and entered into a verbal contract whereby the defendant C. E. Oakes agreed to sell and convey to plaintiff certain lots in the town of Amarillo for thirty-one thousand five hundred dollars; that the defendant A. Eberstadt maliciously induced the defendant Oakes to breach said contract with plaintiff and convey said property to him, the said Eberstadt. The plaintiff alleged the market value of said lands to be the sum of forty thousand dollars, and that he was thereby damaged in the sum of eight thousand, five hundred dollars, for which he sought judgment. The plaintiff took a nonsuit as to the defendant Oakes and the trial court sustained a general demurrer of the defendant Eberstadt, from which ruling the plaintiff has appealed.

The line of cases in this State headed by Raymond v. Yarrington, 96 Texas, 443, to the effect that one who knowingly induces another to break his contract with a third person is liable to such third person for the damages caused by such breach, is cited by appellant in support of his contention that the court erred in sustaining the general demurrer. The appellee contends, and justly so, we think, that this doctrine has no application to the breach of a contract which is itself unenforceable at law. He cites the decision in Roberts v. Clark, 103 S. W., 417, an opinion by Chief Justice James of the Court of Civil Appeals for the Fourth District, which seems decisive of the matter. If it be conceded, as it must, that the defendant Oakes was not bound to carry out his oral agreement to convey the lots to appellant, and that he would therefore not be liable for a failure in this respect, it is then legally incomprehensible that appellee Eberstadt would be liable for procuring him to do this thing. He has not violated any legal right of appellant, neither has he procured any one else to do so. A thing lawful within itself does not become actionable merely because it proceeds from a wicked motive.

We think the court ruled right in sustaining the general demurrer to appellant's petition, and therefore affirm the judgment.

*Affirmed.*