PAYNE et al. v. GEBHARD.

(Court of Civil Appeals of Texas.    Feb. 18, 1911.    On Motion for Rehearing, March 25, 1911.    Further Rehearing Denied April 29, 1911.)

1. TRIAL (§ 242*) — MISLEADING INSTRUCTIONS.

Plaintiff, a real estate broker, having been employed to sell certain land, and having procured a prospective purchaser, claimed that defendant land company, through a conspiracy between itself and the owner, induced the purchaser to buy through the land company, and not through plaintiff. Held, that an instruction that the jury should find in favor of defendants, if they believed from the evidence that the "purchaser of his own accord" broke off negotiations with plaintiff, was properly refused as misleading, since, though the purchaser had been induced by representations by the land company to purchase through it, rather than plaintiff, he would nevertheless have acted voluntarily in the matter.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 242.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

2. APPEAL AND ERROR (§ 1068*)—INSTRUC-TIONS—PREJUDICE.

Where, in an action for broker's commissions, it was manifest that the verdict was based on a paragraph of the court's charge submitting the issue of fraudulent conspiracy between the defendants to induce a prospective purchaser obtained by plaintiff to purchase through one of the defendants, a rival broker, defendants were not harmed by instructions to return a verdict for plaintiff, if the jury found from the evidence that he procured a purchaser ready, able, and willing to buy on terms agreed on between the seller and purchaser, and that if defendant land company induced the purchaser to terminate the negotiations with plaintiff, and conclude the purchase through that company, then the verdict should be rendered against defendant owner alone.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228; Dec. Dig. § 1068.*]

On Motion for Rehearing.

3. TORTS (§ 12*)—INTERFERENCE WITH CON-TRACTUAL RELATIONS—INDUCING TERMINA-TION.

Where negotiations with a broker for the purchase of certain real estate had not ripened into a contract, a rival broker, having the same property for sale, was not liable in damages for interfering and inducing the prospective purchaser to purchase from it.

[Ed. Note.—For other cases, see Torts, Cent. Dig. § 13; Dec. Dig. § 12.*]

Appeal from District Court, Haskell County; C. C. Higgins, Judge.

Action by H. W. Gebhard against J. W. Payne and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered on rehearing, except as against defendant Payne, and affirmed as to him.

Scott & Key, W. C. Jackson, and Jas P. Kinnard (Theodore Mack, of counsel on rehearing), for appellants. Helton & Murchison and Gordon B. McGuire, for appellee.

DUNKLIN, J. H. W. Gebhard recovered a judgment against J. W. Payne and the members of the partnership firm, the Texas Land Company, for a broker's commission claimed upon the sale of certain real estate belonging to Payne. Gebhard was engaged in the real estate brokerage business, and Payne listed the property with him for sale, and also with the Texas Land Company, who were engaged in the same business. Gebhard showed the land to T. A. Laird, a prospective purchaser, and told him that the owner had listed the land at $40 per acre, but had said he would take $37.50 per acre rather than miss a sale. Thereafter Laird purchased the property at $37.50 per acre through members of the firm, the Texas Land Company. Gebhard alleged, in substance, in his petition, that the Texas Land Company falsely and fraudulently represented to Laird that said company could sell him the property cheaper than any one else, and thereby induced Laird to terminate negotiations already begun with Gebhard, and to conclude the purchase through said company; that the said representations and acts on the part of the land company were the results of a conspiracy between the land company and Payne, the owner of the land.

Several witnesses testified that Munsey Cogdell told Laird that the Texas Land Company would get no commission from the sale of the land at $37.50 per acre, and the refusal of the court to exclude this testimony upon motion of appellants is assigned as error. We think this evidence was relevant and material to the issues presented in plaintiff's petition and recited above. With this testimony in the record we cannot say that the verdict is unsupported by evidence, nor that there was error in refusing the peremptory instruction in favor of the defendants, requested by them.

[1] Appellants complain of the refusal of their requested instruction to the jury to find in their favor if they should believe from the evidence that Laird "of his own accord" broke off negotiations with Gebhard for the purchase of the property. Perhaps the purpose of the requested instruction was that the jury should be told that, if Laird was not induced by appellees to terminate negotiations for the purchase of the land already begun with Gebhard, then plaintiff could not recover, and an instruction so worded would have been proper. But even though Laird had been induced by the representations made to him by the land company to purchase through that company, rather than through Gebhard, nevertheless he would have acted voluntarily in the matter, as there was no compulsion on his part so to do, and for that reason the requested instruction was misleading, and was properly refused.

[2] Appellants complain of certain instructions contained in the court's charge. By one of these instructions the jury were told to return a verdict in favor of the plaintiff, if they found from the evidence that plaintiff procured a purchaser in Laird ready, able, and willing to buy the land upon the terms agreed upon between the seller and purchaser. The appellants insist that this instruction was erroneous, because it submitted an issue not presented by the pleadings, because the evidence shows without controversy that the sale was consummated through the agency of the Texas Land Company, and because plaintiff had alleged in his petition that the land was listed with him at $40 per acre. The only proposition submitted which is germane to this assignment is that the charge was not authorized by the pleading. In another paragraph of the court's charge the jury were told that, if the Texas Land Company induced Laird to terminate the negotiations with Gebhard and conclude the purchase of the property through that company, then a verdict should be rendered against defendant Payne alone. If there were errors in these instructions, the same were harmless, in view of the fact

that it is manifest from an inspection of the record that the jury returned a verdict upon another and distinct paragraph of the court's charge, which submitted the issue of fraudulent conspiracy between the defendants, presented in the plaintiff's petition and recited above, authorizing a verdict against all the defendants, and to which instruction no assignment of error is presented.

All assignments of error are overruled, and the judgment affirmed.

### On Motion for Rehearing.

As noted in our original opinion, appellants presented no assignment of error to the paragraph of the charge under which the verdict was rendered; but they now earnestly insist that there was fundamental error in that charge, for which the judgment should be reversed.

[3] After an examination of appellee's petition filed in the trial court, we find that it contains no allegation that Laird had agreed with appellee to purchase the property through appellee at the time it was alleged that his negotiations with Laird were interrupted by the members of the firm of the Texas Land Company or at any other time. In Raymond v. Yarrington, 96 Tex. 443, 72 S. W. 580, 73 S. W. 800, 62 L. R. A. 962, 97 Am. St. Rep. 914, our Supreme Court held that one who knowingly induces another to break his contract with a third person is liable to such third person for damages caused by the breach. To the same effect is the decision of Brown Hardware Co. v. Indiana Stove Co., 96 Tex. 453, 73 S. W. 800. But we know of no authority holding that where negotiations are pending between two parties, which may or may not eventuate in a contract, a termination of such negotiations through the interference of a third person will make such person liable in damages for such interference. The contrary of that proposition was announced in Roberts v. Clark, 103 S. W. 417, and Davidson v. Oakes, 128 S. W. 944. In that part of the court's charge referred to above, one of the predicates for a verdict in plaintiff's favor which the jury were instructed as necessary to be established was that appellee "was the person who procured a purchaser for the land of the defendant who was ready, willing, and able to buy at the price and on the terms made by Payne and the purchaser, and who did subsequently buy said land." Construing the verdict in the light of this charge, it must be assumed that the jury found the affirmative of that issue, and, if those facts were true, then Payne became liable to appellee for the commission, independent of the further issue submitted in that paragraph of the charge, namely, whether or not Payne and the members of the Texas Land Company conspired together for the purpose of inducing, and did induce, Laird to terminate his negotiations with appellee and conclude the purchase through negotiations with Payne and the said company. We further find that in the petition plaintiff alleged substantially that he was employed by Payne to procure a purchaser for the land and that he did procure such purchaser in Laird.

Accordingly the motion for rehearing is granted, and the judgment of the trial court against the members of the Texas Land Company is reversed, and judgment here rendered in favor of appellants B. M. Whittaker, Munsey Cogdell, W. C. Jackson, and Charley Eastland, composing the partnership firm of the Texas Land Company; but the judgment in appellee's favor against appellant J. W. Payne is affirmed.