### SONNENBERG v. HAJEK. (No. 8071.)

(Court of Civil Appeals of Texas. Galveston. June 7, 1921.)

1. Frauds, statute of ⊜▭148(1)—Contract presumed valid and enforceable.

In an action by a purchaser of land against a third person, inducing the vendor to break the contract and sell to him instead, it must be presumed, in passing on the sufficiency of the petition, that the contract was for the sale of land as alleged, and was evidenced by a written memorandum signed by the vendor, and was enforceable against him, unless it appears from other averments that some intervening cause has rendered the vendor incapable of performing.

2. Torts ⊜▭12—Vendor and purchaser ⊜▭228 (2)—Purchaser with notice of contract to sell takes subject thereto; purchaser without right of action against subsequent purchaser with notice for inducing breach of contract.

Where defendant purchased land with knowledge that the vendor had contracted to sell to plaintiff, plaintiff's right of specific performance was not affected, and he had no right of action against defendant for inducing the vendor to break his contract and sell the land to him.

Appeal from Austin County Court; W. J. Hill, Judge.

Action by Otto Sonnenberg against Joe Hajek. From a judgment dismissing the cause, plaintiff appeals. Affirmed.

C. D. Duncan and C. G. Krueger, both of Bellville, for appellant.

LANE, J. This suit was brought by appellant, Otto Sonnenberg, against appellee, Joe Hajek, to recover the sum of $800, and for cause of action he substantially alleged that on the 26th day of June, 1920, he and one A. C. Ernst made and entered into a contract by which the said Ernst contracted and agreed to convey to him on the 1st day of November, 1920, a certain 23 acres of land in Austin county, Tex., for a consideration of $1,450; that on the day said contract was made plaintiff paid the said Ernst the sum of $200, and thereafter, on the 16th day of August, 1920, he paid him $250, both of said sums being paid and accepted as parts of the purchase money for the land; that the defendant, Joe Hajek, became informed of the contract so made and entered into between plaintiff and the said Ernst, and thereafter, but prior to the day upon which the deed was to be executed by Ernst, came to plaintiff and offered to pay him a profit of $300 for his trade with Ernst, which offer plaintiff refused; that upon such refusal, and before the time set for the final consummation of the contract between plaintiff and Ernst, when and at which time the plaintiff was ready, willing, able, and proposing to consummate said contract, the defendant, Joe Hajek, willfully, and with a total disregard for the rights of plaintiff, induced and caused the said Ernst to breach his said contract, to repudiate the same, and to sell the land to him, the said Hajek, and that by reason of such acts and conduct of Hajek, plaintiff suffered damages in the sum of $800, in that he lost the purchase of said land for the sum of $1,450, as had been

agreed upon between him and said Ernst, while such land was worth fully the sum of $2,250.

A general demurrer of the defendant, Hajek, addressed to the plaintiff's petition was by the trial court sustained, and, upon the plaintiff's declining to amend his petition, judgment was rendered dismissing the cause. From such judgment Otto Sonnenberg has appealed. Whether the petition of the plaintiff presents a cause of action is the sole question presented for our decision.

[1] In answering the question thus presented, we must assume from the averments of the plaintiff's petition that the contract between plaintiff and A. C. Ernst was one for the sale of real estate, and that it was evidenced by a written memoranda signed by A. C. Ernst, the proposed vendor (Graham v. Kesseler, 192 S. W. 299), and that it was enforceable against him, unless it be apparent from other averments of the petition that some intervening cause has rendered such proposed vendor incapable of performing the contract. For if it be made to appear by the averments of the petition that the contract was not, in the first instance, enforceable, no cause of action would lie against one who by interference caused its breach.

[2] We have reached the conclusion that there was no such intervening cause alleged in the petition which would have rendered the contract unenforceable, but to the contrary it is averred therein that the defendant knew when he purchased the land from Ernst that Ernst had contracted to sell the same to the plaintiff. If that were true, his purchase would in no way affect the right of the plaintiff to enforce specific performance. We have therefore reached the further conclusion that the petition shows no cause of action against the defendant Hajek by reason of his purchase from Ernst.

It was held in Davidson v. Oakes, 60 Tex. Civ. App. 269, 128 S. W. 944, and Roberts v. Clark, 103 S. W. 417, that one who knowingly interfered, and thereby induced another to breach an unenforecable contract with a third person, is not guilty of actionable wrong. The writer thinks, however, that the holding in these cases states the rule most too broadly. In Bowen v. Speer, 166 S. W. 1183, Richardson v. Terry, 212 S. W. 525, Raymond v. Yarrington, 96 Tex. 443, 72 S. W. 580, 73 S. W. 800, 62 L. R. A. 962, 97 Am. St. Rep. 914, it is held that a person who interferes with a contract for the sale of real estate is liable in damages in a proper case. The cases referred to, however, in the decisions last cited, are those in which the interference was accompanied with malice or fraud. We think the trend of recent authority is to the effect that, if one for malicious purpose of injuring another, or by means of fraud and deceit, procures or causes a breach of the contract, and reaps benefit to himself, he is liable in an action of the party suffering injury by reason of such interference. Bowen v. Speer, 166 S. W. 1183; Richardson v. Terry, 212 S. W. 523; Raymond v. Yarrington, 96 Tex. 443, 72 S. W. 580, 73 S. W. 800, 62 L. R. A. 962, 97 Am. St. Rep. 914.

In the cases of Davidson v. Oakes and Roberts v. Clark, supra, it was held, however, that the doctrine of liability for inducing a breach of contract has no application to the breach of a contract unenforceable at law; and that the breach of such a contract, even if actuated by malicious motives, does not render a third person liable to the injured party. For a collation of authorities on the subject here discussed, see Swain v. Johnson, 151 N. C. 93, 65 S. E. 619, 28 L. R. A. (N. S.) 615. In this case it is said:

"The case of Ashley v. Dixon, supra, is in every respect similar to the one under consideration. In that case the New York court holds: 'If A. has agreed to sell property to B., C. may, at any time before the title has passed, induce A. to sell to him instead; and if not guilty of fraud or misrepresentation, he does not incur any liability; and this is so although C. may have contracted to purchase the property of B. B. cannot maintain an action upon the latter contract, as he cannot perform, and can only look to A. for a breach of the former.' This doctrine is supported by abundant authority."

We deem it unnecessary to add further discussion.

We have reached the conclusion that the weight of authority demands that the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.