Sidney P. CHANDLER, Appellant,

v.

A. L. MYRICK et al., Appellees.

No. 10288.

Court of Civil Appeals of Texas.

Austin.

Feb. 9, 1955.

Sidney P. Chandler, Austin, for appellant.

Garland Flowers, Fort Worth, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order sustaining a plea of privilege, filed by A. L. Myrick who resides in Tarrant County, in a suit for damages pending in the 53rd District Court of Travis County, Texas. The suit is based on the breach by A. L. Myrick of a contract wherein he was obligated to take all of 15,000 broiler chickens raised by appellant in Travis County. The defendants Alvin East and L. East are parties to the suit under allegations that Alvin East, for himself and on behalf of L. East, doing business as L. East Produce Company, participated in inducing A. L. Myrick to breach his contract with appellant. It is alleged that both of the defendants East reside in Travis County, Texas, and the act of Alvin East in participating in inducing Myrick to breach his contract was committed in Travis County, Texas.

The cause of action against Myrick is an action for breach of an alleged oral contract for the purchase of chickens and the action against L. East and Alvin East is an action for damages for inducing Myrick to breach his contract with Chandler.

The appeal is before this Court on three points and are to the effect that Alvin East knowing that Myrick had contracted to take Chandler's chickens warned Myrick against taking a part of the chickens, which warning was a wrongful act committed in Travis County, Texas, and that Myrick did breach his contract, and that appellant is entitled to maintain his suit against Alvin East and Myrick for damages in Travis County, and that Alvin East and Myrick made some kind of an agreement resulting in the partial breach by Myrick of his oral contract with Chandler, and that appellant Chandler has a cause of action against both East and Myrick in Travis County; that because of the refusal to take appellant's chickens to his damage and that venue lies in Travis County, and the trial court should have overruled Myrick's plea of privilege.

The appellee contends in counterpoints that plaintiff failed to establish a cause of action against the defendants L. East and Alvin East who are alleged to reside in Travis County, which is the same kind of case or so closely connected with the case against Myrick that the resident defendants and the nonresident defendant may be joined in the suit in Travis County; in fact failed to establish by competent evidence his cause of action against the defendants, L. East and Alvin East alleged residents of Travis County, and failed to establish by competent evidence that Alvin East knowingly or otherwise induced Myrick to breach his contract with Chandler.

These counterpoints are all based on the proposition that plaintiff, in the trial court, wholly failed to make out an actionable case against L. East and Alvin East, the resident defendants, or a case so closely connected with the cause against Myrick, the nonresident defendant, that the nonresident may be joined in the suit in Travis County.

The plaintiff after alleging the delivery of 5,000 chickens to Myrick, and an improper loading, causing a shrinkage, sought damage for such, etc.

Further allegations were made:

"* * * that when Alvin East learned that plaintiff had sold his chickens to Market Produce Company he contacted Myrick and told said Myrick, the manager of Market Pro-

duce Company at Fort Worth, not to accept the plaintiff's chickens. Said Myrick was then acting for and on behalf of Market Produce Company and Alvin East was acting for and on behalf of L. East Produce Company. Plaintiff had been previously selling chickens to L. East Produce Company and had changed his market which caused Alvin East, in his capacity as manager of L. East Produce Company, to become very 'unhappy'. While in that 'unhappy' state Alvin East, for himself and as manager of L. East Produce Company, requested, demanded of or told said Myrick to make some excuse for rejecting plaintiff's chickens and at the same time got from said Myrick an agreement to not buy any more chickens within the Austin area."

The Plea of Privilege of Myrick alleged residence in Tarrant County, Texas.

The controverting affidavit of plaintiff adopted the allegations of the original petition and set out in substance:

"'Myrick at the request, demand or insistance of Alvin East declined to take said chickens,' and invoked sections 4 and/or 29A of Art. 1995, Vernon's Civil Statutes to retain venue as to Myrick in Travis County, Texas."

A hearing was had, evidence taken and at the conclusion the court sustained Myrick's plea of privilege.

The appellant in the main relies on the testimony of Myrick by deposition to support the connection of Alvin East with the allegation alleging East induced Myrick to breach his alleged contract to purchase chickens from Chandler.

Such evidence is that East informed Myrick that Chandler was a hard man to do business with and that Myrick said when he was through with the Chandler deal he was through taking chickens from Austin; that East was a friend. Myrick's testimony was that he talked with East and that East said he had had quite a lot of trouble with Chandler and would rather not have any further dealings. Myrick stated that he had asked East if he would go look at the chickens; that East did not give any warning with reference to buying chickens from Chandler, other than he had had some misunderstanding with Chandler; Myrick testified it was not on account of the telephone conversation with East that caused him to decline to take the chickens; the witness further testified that Alvin East told him "Why don't you go ahead and get the chickens yourself if you have bought them, take them."

 We believe that the evidence is lacking to prove that East did anything, or said anything to cause Myrick to not take the chickens, and East could not be held responsible for the acts of Myrick. Moreland v. Leslie, Tex.Com.App., 140 Tex. 170, 166 S.W.2d 902; Atlas Roofing Co. v. Hall, 150 Tex. 611, 245 S.W.2d 477.

 In order to maintain venue in Travis County against Myrick it is necessary to establish by evidence at least a prima facie case against L. East and Alvin East, and establish the venue facts in the usual way. Farmer v. Williamson, Tex.Civ.App., 131 S.W.2d 973; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

The judgment of the trial court is affirmed.