George G. MacDONALD, Appellant,

v.

Mary S. TRAMMELL, Appellee.

No. 10889.

Court of Civil Appeals of Texas.

Austin.

Oct. 25, 1961.

Rehearing Denied Nov. 15, 1961.

Small, Small & Craig, Austin, for appellant.

Carter, Stiernberg, Skaggs & Koppel, Harlingen, L. Hamilton Lowe, Austin, for appellee.

RICHARDS, Justice.

This is a plea of privilege case. George G. MacDonald, appellant, filed suit against Mary S. Trammell, appellee, a resident of Cameron County, Texas, and Ras Redwine, a resident of Travis County, Texas, for recovery of damages suffered by appellant which he alleged had resulted from the acts and conduct of the defendants in colluding and conspiring with one another with the intent to induce a breach of appellant's agreement with appellee's husband, Wm. L. Trammell (since deceased), for the payment of a commission to appellant for his services in securing defendant Ras Redwine as a purchaser for certain real estate jointly owned by Wm. L. Trammell and appellee, situated in Austin, Travis County, Texas.

Appellee Mary S. Trammell filed her plea of privilege in the Trial Court alleging Cameron County, Texas, as her county of residence, that no exception to exclusive venue in the county of residence as provided by law existed in said cause and in compliance with Rule 93(h), Texas Rules of Civil Procedure, denied under oath that she had ever signed any promise or agreement in writing or memorandum thereof to pay appellant a commission or other compensation for the sale of the property in question, nor did any other person under lawful authority from her ever sign any promise or agreement in writing or memorandum thereof. She also denied that she or her late husband Wm. L. Trammell or anyone lawfully authorized by them ever signed or executed any instrument in writing required by Art. 6573a, Sec. 28, Vernon's Ann.Civil Statutes, upon which appellant could base his suit for commission. Appellant filed a controverting plea adopting his original petition alleging that the cause of action alleged therein came within the venue sections of subdivisions 4 and 7, Art. 1995, V.A.C.S. Upon a hearing the Trial Court sustained appellee's plea of privilege, held the cause of action severable as to the parties defendants and transferred the severed cause as to appellee to the 103rd Judicial District Court of Cameron County, Texas, from which order this appeal is taken.

It is settled law in Texas that in order to sustain venue under subdivision 4, Art. 1995, the following venue facts must be proved by the plaintiff: (1) that one of the defendants resides in the county where the suit is pending, and (2) where suit is brought against two or more defendants it must be a suit in which the defendants are properly joined. It is therefore necessary that the petition allege a joint cause of action against the resident and nonresident defendant or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined together. But it is also essential that the plaintiff must not only plead but prove that he has in fact a cause of action against the resident defendant. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302; Atlas Roofing Co. v. Hall, 150 Tex. 611, 245 S.W.2d 477, 479; Chandler v. Myrick, Tex.Civ.App., 275 S. W.2d 564 (no writ history).

In proving the cause of action alleged against the resident defendant the cause of action proven must be the one pleaded by the plaintiff, Stockyards National Bank v. Maples, supra, and the burden being upon the plaintiff to prove the cause of action against the resident defendant, if he fails to prove to meet such burden, the plea of privilege must be sustained. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747, 749. It is well settled that venue as to the nonresident defendant depends not upon the proof but whether the plaintiff's petition sufficiently alleged a cause of action against the nonresident defendant. Stockyards National Bank v. Maples, supra; Snodgrass v. American Surety Company of New York, Tex.Civ. App., 156 S.W.2d 1004 (no writ history).

Appellant predicates his appeal on three points of error: the first being that the Trial Court erred in sustaining appellee's plea of privilege because the uncontradicted evidence shows that appellant's cause of action comes within the venue exception of subd. 4, Art. 1995, V.A.C.S.; second, in sustaining appellee's plea of privilege the Trial Court held in effect that appellant did not have a bona fide cause of action against the resident defendant Redwine; and third, in sustaining appellee's plea of privilege the Trial Court held in effect that appellee was not a proper party to the cause of action against the resident defendant Redwine. The first two points of error will be discussed together.

The question to be decided is whether appellant's petition stated a cause of action against the resident defendant Redwine and if so, whether appellant offered sufficient proof of such allegations at the hearing be-

fore the Trial Court. In his original petition appellant alleged that prior to March 25, 1960, Wm. L. Trammell listed certain property in Austin, Texas for sale with appellant whereby Trammell agreed to pay appellant a commission when he had secured a purchaser for the property for a consideration acceptable to Trammell, which commission was to be paid at the time the sale was made. That he thereafter secured a purchaser for the property upon terms contained in a written contract which was submitted to Trammell but Trammell altered some of the terms before executing the contract which was then submitted to the purchaser, who not being willing to the changes made by Trammell, no sale was effected.

The petition further alleged that he procured the defendant Redwine as a purchaser for the property who signed an earnest money receipt on May 3, 1960 by the terms of which Redwine agreed to purchase the property. The earnest money receipt was signed by Redwine but not by appellant or the proposed seller. Appellant communicated Redwine's offer to Wm. L. Trammell and appellee on May 6, 1960 and later about May 12, 1960 Wm. L. Trammell entered into a contract for the sale of the property to Redwine which contract was consummated on June 6, 1960 by the execution of a deed by Wm. L. Trammell and appellee to Redwine.

The cause of action asserted in appellant's petition against Redwine and appellee is that the defendants knew that appellant had induced Redwine to submit an offer for the purchase of the property and knew that the purchase offer submitted to Wm. L. Trammell signed by Thomas C. Green (which was never consummated) contained a provision for the payment of an agent's commission to appellant and that knowing that Wm. L. Trammell had agreed to pay appellant a commission when he did secure a purchaser for the property that "said defendants colluded and conspired with one another with the design of defrauding plaintiff" so that the property would be sold to Redwine and no commission would be paid to appellant. That in furtherance of the conspiracy Wm. L. Trammell and appellee entered into an agreement with Redwine whereby the Trammells stated that they had not listed the property for sale with any real estate agency and Redwine agreed to indemnify the Trammells against any loss or expenses on account of any real estate commission claimed and adjudged to be due by reason of the sale of the property by the Trammells to Redwine.

The petition further alleged that the acts and conduct of the defendants Redwine and appellee were intended by them to cause a breach of appellant's agreement with Wm. L. Trammell and were a part of the design entered into by the defendants to defraud appellant by depriving him of his commission on the sale of the property by which acts and conduct appellant has sustained damages in the sum of $3,900, the amount of the commission the appellant was entitled to receive as agent for Wm. L. Trammell.

In order to sustain venue in Travis County under subd. 4, the burden was upon appellant to allege and prove that (1) there was an enforceable agreement or contract by Wm. L. Trammell with appellant to pay appellant a commission for the sale of the property by Wm. L. Trammell to the defendant Redwine, and (2) that Redwine and appellee had conspired and colluded together to induce Wm. L. Trammell to breach such contract. If there was no enforceable contract by Wm. L. Trammell with appellant to pay him a commission for the sale of their property in accordance with the requirements of Sec. 28, Art. 6573a, V.A.C.S., there could be no cause of action against the resident defendant Redwine for causing a breach thereof, and if no cause of action was pleaded or proved against the resident defendant Redwine for a conspiracy to defraud appellant, it follows as a matter of law that no cause of action for conspiracy existed against appellee as nonresident de-

fendant, since in order to effectuate a conspiracy there must be *two* or more persons acting in collusion to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, 12 Tex.Jur.2d Sec. 14, p. 336. If an act is done by one alone which would not give rise to a cause of action, such act cannot be the basis of an action if done pursuant to an agreement between several persons. 12 Tex.Jur.2d Sec. 16, p. 337.

Although appellant states in his brief that this is not an action for the recovery of a commission for the sale of real estate, but is a suit for damages for conspiracy and collusion by the defendants in inducing the breach of an agreement between the appellant and Wm. L. Trammell, nevertheless the burden was upon appellant to plead and prove that an enforceable contract or agreement existed between Wm. L. Trammell and appellant for the payment of a real estate commission in order to allege a cause of action for conspiracy entered into by the defendants to induce Wm. L. Trammell to breach such contract. Appellant has failed to sustain this burden.

Accepting the truth of the facts alleged in appellant's petition, it is clear that appellant has not pleaded an enforceable contract or agreement between Wm. L. Trammell and appellant by which Trammell was legally bound to pay appellant a commission for the sale of the property in question in accordance with the requirement of Sec. 28, Art. 6573a, V.A.C.S. Appellant's own testimony before the Trial Court at the hearing on the plea of privilege does not support his averments that there was any contract between Wm. L. Trammell and appellant to pay appellant a commission which could be enforced by a suit brought by appellant against Trammell for the payment of such commission.

Appellant's reliance upon the recital in the proposed contract between Trammell and Green for the payment of a commission to appellant in the event such contract was executed, but which was never

consummated by the parties, cannot serve as a memorandum in writing sufficient to support an oral agreement, if such there was, between Trammell and appellant to pay a commission to appellant for the procurement of a purchaser for said property by appellant at an indefinite time in the future. The cases cited by appellant in his brief in support of this theory do not so hold. Since there was no agreement between Trammell and appellant whereby Trammell became legally obligated to pay appellant a commission for procuring Redwine as a proposed purchaser of the property in question, there is no liability upon the resident defendant Redwine for procuring the breach of the unenforceable contract even if he was the moving party in procuring a direct sale to him by Wm. L. Trammell and appellee.

The case of Roberts v. Clark, Tex.Civ. App., 103 S.W. 417, 418 (no writ history), is directly in point. Suit was filed by Roberts against Clark and Morrison alleging that Clark was engaged in the real estate business as agent; that one McGregor employed Roberts to find a purchaser of land owned by him in Waller County, Texas, and agreed to pay him a certain commission. Roberts procured Clark as a purchaser for the land in question and made a written contract whereby Clark deposited $500 earnest money which was to be forfeited if the trade was not carried out. Morrison made a claim to part of the commission to be received by Roberts which Roberts refused to pay. Whereupon Morrison and Clark conspired with each other to induce McGregor to break his contract with Roberts and not pay him his commission, for which purpose they waited until the expiration of the contract and then induced McGregor to convey the land to Morrison and the $500 earnest money deposited by Clark was accepted by McGregor as part of the consideration. Morrison then conveyed the land to Clark. Under the agreement Clark had the right to refuse to carry out the contract but would suffer the loss of the

earnest money paid to McGregor as liq-uidated damages.

The alleged cause of action was grounded upon the fact that Morrison and Clark conspired to induce McGregor to break his contract with Roberts in order to avoid the payment of a commission. After citing Raymond v. Yarrington, 96 Tex. 443, 72 S.W. 580, 73 S.W. 800, 62 L.R.A. 962, which held that a third party is liable in damages for inducing one bound by a contract to violate it, the Court held that in order for this rule to have application, it must have been a contract which the party was obligated to perform and if the contract is one which the party may or may not perform at his option, the rule does not apply. The Court then stated:

"Upon this view plaintiff here has no cause of action against Morrison and Clark, who are the sole defendants in the amended petition which was passed upon. If, as alleged, the sale that was effected after the 30 days to Morrison, and through Morrison to Clark, was in reality the consummation of the sale that had been negotiated by plaintiff, this might have entitled plaintiff to an action against McGregor with reference to his compensation. The fact that the $500 that had been paid as earnest money by Clark was allowed Morrison might be important in determining whether or not it was really the same sale in effect, and it also might be of importance in showing a conspiracy as alleged in plaintiff's petition; but it seems to us Clark not being bound to perform the contract that plaintiff negotiated, and it being optional with him whether he would or not, it is immaterial what persuaded him to not carry it out. What he did he had a lawful right to do, and these defendants incurred no liability by their alleged conduct." [103 S.W. 418.]

In Davidson v. Oakes, 60 Tex.Civ.App., 269, 128 S.W. 944 (no writ history), suit was brought by Davidson against Oakes and Eberstadt alleging that Davidson had entered into a verbal contract with Oakes whereby Oakes agreed to sell to Davidson certain lots in Amarillo, but that Eberstadt maliciously induced Oakes to breach said contract and convey the property to Eberstadt. Davidson took a nonsuit as to Oakes and the Trial Court sustained a general demurrer as to the cause of action pleaded against Eberstadt. The Court after stating the rule announced in Raymond v. Yarrington, supra, held that the doctrine had no application to a breach of a contract which is itself unenforceable at law citing Roberts v. Clark, supra. The Court then stated:

"if it be conceded, as it must, that the defendant Oakes was not bound to carry out his oral agreement to convey the lots to appellant, and that he would, therefore, not be liable for a failure in this respect, it is then legally incomprehensible that appellee Eberstadt would be liable for procuring him to do this thing. He has not violated any legal right of appellant neither has he procured any one else to do so. A thing lawful within itself does not become actionable merely because it proceeds from a wicked motive."

The holdings in Roberts v. Clark and Davidson v. Oakes, supra, have been cited and approved by many of the Courts of Civil Appeals of Texas beginning with Payne v. Gebhard, Tex.Civ.App., 136 S.W. 1118 (no writ history), and have never been overruled by the Supreme Court of Texas, although in Sonnenberg v. Hajek, Tex.Civ.App., 233 S.W. 563 (no writ history), these holdings were criticized as stating the rule "most too broadly."

Appellant cites Yarber v. Iglehart, Tex.Civ.App., 264 S.W.2d 474 (no writ history), in support of his contention that since defendants Redwine and appellee, with knowledge and fraudulent intent, induced Wm. L. Trammell to breach his contract with appellant, they are liable in damages even though the alleged contract between Wm. L. Trammell and appellant to pay commissions was unenforceable be-

cause of the Statute of Frauds. This opinion, after citing Davidson v. Oakes, supra, states that a contrary view was expressed in Richardson v. Terry,. Tex. Civ.App., 212 S.W. 523, 525 (no writ history), and held that the correct rule is that if a person with knowledge and fraudulent intent induces a party to breach his contract with another, such person is liable in damages although the breached contract may be unenforceable as between the contracting parties because of the Statute of Frauds, citing in support of such holding Richardson v. Terry, supra, and a number of cases by the appellate courts of other states. Evidently the Court of Civil Appeals overlooked the fact that in Richardson v. Terry, the opinion cited Roberts v. Clark, supra, as holding that "if the contract breached be one which the party may or may not perform at his option, the rule does not apply." But in Rambo v. Federated Department Stores, Inc., Tex.Civ.App., 329 S.W.2d 890 (error ref., N.R.E.), the same Court of Civil Appeals held that Yarber v. Iglehart was not applicable to the facts in that case, which was an action by a broker against the purchaser of real property and alleged wrongful interference with broker's alleged oral contract for the sale with the vendor for a commission.

Yarber v. Iglehart was cited with approval in Terry v. Zachry, Tex.Civ.App., 272 S.W.2d 157 (error ref., N.R.E.), by the San Antonio Court of Civil Appeals, which decision is cited both in the briefs of appellant and appellee. In Terry v. Zachry, the opinion states that an action will not lie under the rule announced in Raymond v. Yarrington, supra, for every interference, since to assert such a right the thing done must be without right or justification and that one is privileged to interfere with a contract between other parties where such interference is in the exercise of his own rights.

In the instant case appellant's testimony concerning the making of the agreement with Wm. L. Trammell and the actions of Wm. L. Trammell and the defendants Redwine and appellee relating to the entire transaction fails to support any cause of action against the resident defendant Redwine for fraudulent interference. Rambo v. Federated Department Stores, Inc., supra; Terry v. Zachry, supra.

In Bartelt v. Lehmann, Tex.Civ.App., 207 S.W.2d 131 (error ref.), where conspiracy was alleged against certain trustees and subscribers to the trust in that they had conspired to prevent payment or collection of unpaid stock subscriptions, it was held that no liability was asserted in the conspiracy count because it is not an unlawful purpose to resist payment of an obligation regardless of its legality. A mere refusal to pay and the defense of a suit for enforcement imposed no additional obligations upon the obligor than already existed and where there is a common interest in two or more obligors to defeat interrelated obligations, mere concert of action to resist and defeat enforcement by means not in itself unlawful does not constitute an actionable conspiracy.

Since the resident defendant Redwine could exercise his legal right not to perform the contract which appellant was attempting to negotiate, no cause of action could exist in favor of appellant which would authorize a recovery of damages for lost commissions from Redwine for refusing to comply with the contract. Tinsley v. Dowell, 87 Tex. 23, 26 S.W. 946; Le Master v. Dalhart Real Estate Agency, 56 Tex.Civ.App. 302, 121 S.W. 185 (no writ history); Baker v. Greer, Tex.Civ. App., 208 S.W. 755 (no writ history).

■ Appellant having failed to allege or prove a cause of action against the resident defendant Redwine for conspiracy to fraudulently induce Wm. L. Trammell to breach an unenforceable contract to pay appellant a commission for the sale of the property jointly owned by Wm. L. Trammell and appellee to Redwine, venue of this cause in Travis County, Texas, could not be sustained under subd. 4, Art. 1995, V.A.

C.S., as to appellee, the nonresident defendant. Therefore, it is unnecessary to discuss appellant's third point of error that the Trial Court in sustaining appellee's plea of privilege held in effect that appellant was not a proper party to the cause of action against the resident defendant Redwine.

All of appellant's points of error are overruled and the judgment of the Trial Court sustaining the plea of privilege of appellee, Mary S. Trammell, severing the cause of action as to the parties defendants and transferring the severed cause as to appellee to the 103rd Judicial District Court of Cameron County, Texas, is in all things affirmed.

Affirmed.