William P. CLEMENTS, Jr., et al.,
Appellants,

v.

John T. WITHERS, III, Appellee.

No. 4209.

Court of Civil Appeals of Texas.

Eastland.

May 17, 1968.

Rehearing Denied June 14, 1968.

Ritchie, Ritchie & Crosland, Rhodes S. Baker III, Dallas, for appellants.

Matthews, Payne, Pace Sands & Benners, Fred H. Benners, Dallas, for appellee.

## ON MOTIONS FOR REHEARING AND REMITTITUR.

GRISSOM, Chief Justice.

We heretofore affirmed a judgment for actual damages in favor of John T. Withers, III, against William P. Clements, Jr., W. E. Perryman and Circle Ten Boy Scout Foundation for inducing Hall, a land owner, to breach his commission contract with Withers, a realtor, and sell his land directly to the Scout Foundation and thereby avoid payment of Withers' commission. We held that, even if Hall could defeat a suit by Withers for a commission by pleading the real estate dealers license act and the statute of frauds, because the land and commission were inadequately described in the written commission contract, nevertheless, appellants, who were found guilty of knowingly inducing a breach of that contract, could not plead the statutes as a defense, because they were strangers to the commission contract.

In appellants' motion for rehearing, they ably argue that we erred in so holding because they assumed Hall's obligation to Withers and thereby stepped into his shoes, wherefore, they are not strangers to the

commission contract. The purchaser was the Scout Foundation. The sales contract, which was signed only by the Halls and the Scout Foundation, does contain this sentence: "Purchasers agree to take care of any claim for real estate agent's commission which may be made by John Withers." The deed, wherein the Halls were the grantors and the Scout Foundation the grantee, does contain this sentence: "Grantees agree to take care of and hold Grantors harmless of any claim made by real estate agent, John Withers, for a commission claimed by him for the sale of the land herein conveyed." If the agreements to protect Hall have the effect claimed by appellants, to-wit, remove the maker thereof from the category of a stranger to the commission contract and enables him to assert the statutes as a defense to his tortious act, it relieves only the Scout Foundation. The other appellants did not execute those agreements. The question is whether said agreements make the statutes available to the Scout Foundation as a defense to Withers' suit against appellants for damages for causing Hall to breach his commission contract with Withers. Certainly the other appellants are in no more favorable position than the Scout Foundation. We hold that it does not.

Appellants say the statute is available to "representatives and privies" of a party to the commission contract. They cite Masterson v. Little, 75 Tex. 682, 13 S.W. 154; Sanborn v. Murphy, 86 Tex. 437, 25 S.W. 610, and other cases, but they appear to rely principally upon the Court of Civil Appeals' opinion in MacDonald v. Trammell, 351 S.W.2d 89. They say there was an assumption of liability similar to that of appellants here. Finally, appellants say it is established law that one who succeeds to title to realty is permitted to plead the statute of frauds to defeat the rights of a third person seeking to enforce a prior oral contract "affecting title." Mrs. Trammell's plea of privilege was sustained. It is true that the judgment was affirmed by the Court of Civil Appeals, (351 S.W.2d 89), on the ground that no cause of action exists against one who induces the breach of an agreement which can not be enforced when Sec. 28 of Article 6573a is pleaded as a defense by a person sought to be charged by that contract. The Supreme Court granted the realtor's application for a writ of error on the basis of a conflict between that decision and the holding in Yarber v. Iglehart, Tex.Civ.App., 264 S.W.2d 474 and Davis v. Freeman, Tex.Civ.App., 347 S.W. 2d 650. The Supreme Court said the property and debt involved were those of the community and that no cause of action existed against a wife, Mrs. Trammell, for inducing her husband not to pay a commission, nor for conspiring to bring about that result. It said that, assuming that Redwine, the purchaser and resident defendant, was liable in damages for tortiously interfering with the performance of an unenforceable commission contract, it did not follow that there was a joint cause of action against Redwine and Mrs. Trammell. (The Supreme Court thus assumed that what we are here holding was the law.) It said that the law would not deny a wife the privilege of aiding her husband in matters affecting their common interest; that the courts had reached the correct "result" and that result could rest on a ground other than a decision of the point of law asserted to be in conflict. It held that, since a decision of that point would not necessarily control disposition of the case, it did not have jurisdiction, wherefore, the order granting the writ was set aside and the application therefor dismissed for want of jurisdiction. The Supreme Court's decision does not support appellants' contention. It said that a wife was not liable for interfering with performance of her husband's oral contract to pay a commission for the sale of realty, because she had a right to aid her husband in dealing with the community estate and a community debt and that to hold otherwise would be contrary to public policy. This cannot be construed as exonerating appellants from liability for damages for causing a breach of the commission contract.

In Yarber v. Iglehart, Tex.Civ. App., 264 S.W.2d 474 (no writ history), the suit against Iglehart was to recover damages suffered by a realtor by reason of Iglehart's interference with the realtor's oral listing contract, causing the land owner to sell directly to Iglehart and thereby deprive Yarber of his commission. With the exception of the Foundation's agreement to protect Hall from Withers' claim, which we hold is not controlling, this is a "white horse" case. The court said (Syl. 2 page 476) that "* * * if a person with knowledge and fraudulent intent induces a party to breach his contract * * * (he) is liable in damages though the breached contract may be unenforceable as between the contracting parties because of the statute of frauds." It held the statute could not be used as a defense by Iglehart, who stands in the shoes of the Scout Foundation in this case. It reversed the summary judgment for Iglehart and remanded the case for determination of fact issues, including whether Iglehart knowingly induced the land owner to breach his contract with the realtor. This, necessarily, was a holding that a purchaser who knowingly interferes with an oral commission contract for the sale of realty cannot use the statutes as a defense to the realtor's damage suit. That holding was repeated by the same court in Davis v. Freeman, Tex.Civ.App., 347 S.W.2d 650, 654 (no writ history). In the latter case, a written commission contract, with the same defect that exists here, was held not illegal or void but voidable only at the instance of a party to the contract who was sought to be charged therewith. One who knowingly interferes with such a contract that is binding, but for said statute, is liable for the damages caused by his interference. Richardson v. Terry, Tex.Civ.App., 212 S. W. 523 (disc. w.o.j.)

Our Supreme Court in Sanborn v. Murphy, 86 Tex. 437, 25 S.W. 610, at page 614, said:

"Persons who are not affected by such contracts are not permitted to set up

that they are contrary to the statute of frauds * * *"

These decisions require a holding that appellants cannot use the statutes as a defense to Withers' suit for damages for knowingly interfering with performance of the commission contract by the parties thereto, unless they were given the right to set up the statutes as a defense by the Scout Foundation's agreement in its contract with Hall and in Hall's deed to protect Hall from Withers' claim for a commission. It would seem unreasonable to hold, although appellants could not have otherwise used the statutes as a defense by agreeing to protect Hall from Withers' claim there was created the right to plead the statutes as a defense and thus defeat the claim they had contracted to defend Hall against. We hold it did not create such a right.

It has been held in title suits that a defendant-grantee who holds the record title may plead the statute to defeat a parol agreement between the plaintiff and defendants grantor which the plaintiff sets up to defeat the defendant-grantee's record title. Sanborn v. Murphy, 86 Tex. 437, 25 S.W. 610 and Masterson v. Little, 75 Tex. 682, 13 S.W. 154. In the Sanborn case, 25 S. W. 610, at page 613, the court said:

"In Masterson v. Little the court puts the right of the defendant upon the ground of his privity, but it is equally as well supported upon the ground that, the title or right having never vested in the person who claims under the parol agreement, the holder of the title under the lawful contract has the superior right."

Appellants present no decision by the Supreme Court that supports their contention. There is no such privity of title or estate between the realtor and those who interfered with his contract. By agreeing to protect Hall from Withers' claim appellants created no defense to Withers' suit against them for damages.

We adhere to our holding that said statutes are not available to appellants as a defense to Withers' suit for damages. Appellants' motion for rehearing is overruled.

 Appellee contends in his motion for rehearing that we erred in reversing that part of the judgment awarding him $2,000.00 exemplary damages against Clements and $2,000.00 exemplary damages against Perryman. We still think reversible error was committed relative to the recovery of exemplary damage. Appellee, without waiving his right to further appeal, has filed a remittitur of exemplary damages. The judgment is, therefore, reformed to eliminate appellee's recovery of exemplary damages. Appellee's motions for a rehearing are overruled.

Our former judgment is set aside. As reformed, the judgment of the District Court is affirmed.