**William P. CLEMENTS, Jr., et al., Petitioners,**

v.

**John T. WITHERS, III, Respondent.**

**No. B–1017.**

Supreme Court of Texas.

Jan. 8, 1969.

Rehearing Denied March 5, 1969.

Ritchie, Ritchie & Crosland, Robert F. Ritchie and Rhodes S. Baker, III, Dallas, for petitioners.

Payne, Pace & Benners, Fred H. Benners, Dallas, for respondent.

**820**

REAVLEY, Justice.

Two questions are presented here:

First: May Clements et al be held liable for inducing the breach of a contract which was unenforceable because of its failure to meet the requirements of the statute of frauds?

Second: May recovery of exemplary damages be sustained under the trial court's instruction wherein the jury was not required to find that the defendants were motivated by ill-will or malice toward the plaintiff?

· We uphold the decision of the Court of Civil Appeals, allowing compensatory damages only.

Realtor Withers and the landowner Hall executed an exclusive listing agreement whereby the realtor was to find a purchaser and landowner was to pay a commission upon the sale. This agreement described the land as "situated in the County of Henderson, State of Texas: approximately 475 acres, more or less, adjoining Koon Kreek Klub". Defendants Clements and Perryman represented the Circle Ten Boy Scout Foundation in seeking a suitable tract of land for a scout camp. They discussed the Hall-Withers contract with Withers, telling him that he should surrender his commission and insisting that they would get the property "regardless of ethics and whatever it takes." They did succeed in buying Hall's land for the Foundation and agreed with Hall to "take care of Withers". No commission was paid to Withers, and he sues here for tortious inducement of breach of contract.

The jury found that Withers was prevented from carrying out his contract, that the conduct of the defendants was a proximate cause of Withers' injury, and that he was damaged as a result to the extent of $6,574. The jury also assessed punitive damages against Clements and Perryman in the amount of $2,000 each.

The trial court entered judgment on the verdict. The Court of Civil Appeals elim-

inated the recovery of exemplary damages. 429 S.W.2d 198. All parties are here, Clements et al complaining of the award of compensatory damages, Withers complaining 'of the denial of exemplary damages.

### LIABILITY

■ Hall failed to perform his agreement with Withers by not paying the promised commission. The jury found that Clements et al caused Hall not to pay Withers. The evidence shows that they assured Hall that he was not to concern himself with Withers or the commission. In the contract of sale, and again in the deed, these purchasers were to "take care" of any claim by Withers. There was never any intention on the part of purchasers to pay Withers; they were to "take care" of him by denying the debt and defending Hall if suit were brought. This is the making of an actionable tort. Raymond v. Yarrington (1903) 96 Tex. 443, 73 S.W. 800, 62 A.L.R. 962.

■ The problem arises because Withers could not have enforced his contract and collected the commission in court as against Hall himself. The Real Estate License Act, Art. 6573a, Vernon's Ann.Civ.Stats., provides in Section 28 that no action shall be brought in court for the recovery of a commission for the sale or purchase of land unless the agreement is in writing. It is established law that this requires what the general statute of frauds (Art. 3995) and the statute of conveyances (Art. 1288) require, in that the writing must contain within itself or by reference to some other existing writing the means by which the particular land may be identified with reasonable certainty. The written contract between Hall and Withers does not meet this requirement, although the addition of the pronoun "my" could have satisfied it. Pickett v. Bishop (1949) 148 Tex. 207, 223 S.W.2d 222.

■ Hall and Withers had a complete understanding. Hall lived on the land to

be traded, and the parties to the contract were standing there when they signed the writing. It is not a void or illegal contract, nor is there any public policy opposing its performance. To the contrary, the public is better served by the performance of all promises made for lawful purposes. However, to prevent fraud by those who would misrepresent verbal promises, the statutes require written proof in certain cases before performance can be enforced in the courts. That is as far as this statute goes: it does not give third parties the right to interfere with the performance of oral contracts.

It is argued that Withers has not been damaged by the nonperformance of an unenforceable contract. But to say that Hall could have decided for some other cause to refuse to pay is not to say that Withers was not damaged for this cause. There was every reason for the parties to this real estate listing to expect that the commission would be paid if the land were sold as it was sold. And under the jury finding we must assume that it would have been paid but for the deliberate interference of Clements et al.

■■■ It is further argued by Clements et al that they are not strangers to this unenforceable contract and its parties but have become privy thereto by virtue of their own contract with the landowner to take care of the claim of Withers. So, they say, they take the shoes of Hall and may raise the shield of the statute of frauds. There is no reason why a purchaser may not contract to pay a realtor's commission, or to pay it only if the seller has to pay. He would then be liable on his contract for only what he agrees to do. But Clements et al did more: they induced Hall not to pay Withers. Aside from their purchase and any contractual relationship, they are liable for their tort. Their promise to indemnify Hall against Withers' claim was in this case part of the means of the tortious interference; it cannot be a defense to suit by the one they injured.

■ In holding that the unenforceability of the contract is no defense to an action for tortious interference with its performance, we are with the great weight of authority in this country. Childress v. Abeles, 240 N.C. 667, 84 S.E.2d 176 (1954); Powell v. Leon, 172 Kan. 267, 239 P.2d 974 (1962); Annot., 26 A.L.R.2d 1227 (1952); Restatement of Torts, Sec. 766; Harper & James, Law of Torts, Vol. 1, p. 495 (1956 ed.).

There has long been a conflict on this point among the Texas Courts of Civil Appeals. Permitting recovery: Davis v. Freeman, 347 S.W.2d 650 (Tex.Civ.App. 1961, no writ); Yarber v. Iglehart, 264 S.W.2d 474 (Tex.Civ.App.1953, no writ). Denying recovery: Little v. Childress, 12 S.W.2d 648 (Tex.Civ.App.1928, affirmed by Commission of Appeals at 17 S.W.2d 786 without discussion on this point); Sonnenberg v. Hajek, 233 S.W. 563 (Tex.Civ. App.1921, no writ); Davidson v. Oakes, 60 Tex.Civ.App. 269, 128 S.W. 944 (1910, no writ); McDonald v. Trammell, 351 S.W. 2d 89 (Tex.Civ.App.1961). In the latter case, the Supreme Court granted the writ but disposed of the case on another ground. (1962) 163 Tex. 352, 356 S.W.2d 143.

## EXEMPLARY DAMAGES

The trial court instructed the jury as follows:

"You are hereby instructed that plaintiff is authorized by law to sue for punitive or exemplary damages in an amount found by the jury to be appropriate under the circumstances, if any, when the acts of the defendant show such a conscious and deliberate disregard of the interest of others that his conduct may be called wilful, wrongful or wanton.

"In assessing exemplary or punitive damages, if any, you may take into account, among other things, any mental distress, financial loss or business loss, expenses for legal services and legal proceedings and trial preparation, if any, and any other damage which you may

**822**

feel plaintiff is entitled to recover by virtue of the intentional wrong, if any, of defendants. You may also consider in assessing exemplary or punitive damages, if any, what sum would be an appropriate amount calculated to deter and/or discourage future acts like or similar to any intentional wrong committed by defendants in this case, if any you have found."

To this instruction, Clements et al objected "for the reason that the language contained therein 'willful or wanton' is insufficient in that the proper definition in this connection is 'malicious and wanton' ".

 Actual malice need not be shown to recover compensatory damages for the tort of interference with an existing contractual relationship. Intentional and knowing interference must be shown, but there may be liability even though the interferor's motive be to save money for himself or another. On the other hand, to support the recovery of punitive damages in such a case, there must be a finding of actual malice: ill-will, spite, evil motive, or purposing the injuring of another. Kidd v. Hoggett, 331 S.W.2d 515 (Tex.Civ.App. 1959, writ ref'd n. r. e.). The existence of such malice may not be necessary in a case where the defendant's acts are accompanied by fraud or other aggravating circumstances. Briggs v. Rodriquez, 236 S.W.2d 510 (Tex.Civ.App.1951, writ ref'd n. r. e.); Note, *Damages Recoverable in an Action for Inducing Breach of Contract*, 30 Colum.L.Rev. 232 (1930).

 Looking to the trial court's charge, we recognize that these words would be sufficient in some cases. For example, if the tort were gross negligence or an intentional striking, words such as the trial court used would describe the purpose or intention which it is the office of punitive damages to punish. Sheffield Division, Armco Steel Corp. v. Jones, 376 S.W. 2d 825 (Tex.Sup.1964).

In the present case, there are two intents to look for: the intent to trade and the intent to harm. Under this instruction, the jury could have determined only that Clements and Perryman set out to save boy scout money without regard to the interest of Withers—that being wrong in view of Withers' contract. Such a determination omits actual malice. There is no magic about the word "malicious"—either for judges or for jurors, but the addition of such a word in the instruction would have pointed the jury to the requirement that they must find motive or purpose on the part of the defendants beyond an intentional money saving trade with Hall.

Since Withers filed his remittitur of exemplary damages, subject to his point of error being denied, the Court of Civil Appeals reformed the trial court's judgment to eliminate the recovery of exemplary damages without remanding for a new trial.

The judgment of the Court of Civil Appeals is affirmed.

McGEE, J., not sitting.