C. L. CARLILE and Charles Beil d/b/a
Mutex Programmed Music,
Appellants,

v.

Wayne EASTERLING et al., Appellees.

No. 6348.

Court of Civil Appeals of Texas,
El Paso.

Nov. 21, 1973.

Brown, Hamby & Bancroft, E. L. Hamby, G. Ben Bancroft, Big Spring (on appeal only), for appellants.

Svanas & Svanas, Gloria T. Svanas, Odessa, for appellees.

## OPINION

WARD, Justice.

This suit was originally filed by the Appellants, Carlile and Beil, seeking damages and an injunction for the alleged breach of a non-competition covenant made when one of the defendants-Appellees, Tom Easterling, sold his business to the Appellants. Tom Easterling secured a dismissal of the cause of action upon his motion for summary judgment, and the other defendant, Wayne Easterling, on final hearing on his cross-action secured a judgment in the amount of $16,000.00 against the Appellants, Carlile and Beil. The Appellants failed to appear either at the hearing on the motion for summary judgment with Tom Easterling or at the final trial on the merits with Wayne Easterling. The Appellants now contend that the trial Court erred (1) in granting the defendant Tom Easterling's motion for summary judgment; (2) in dismissing the plaintiffs' suit for failure to state a cause of action after they failed to appear at the final hearing; (3) in granting judgment to Wayne Easterling, on his cross-action; and (4) in failing to file findings of fact and conclusions of law after proper requests. We appreciate any possible exasperation of the Court toward the non-appearing plaintiffs after proper settings of the motion for summary judgment and final hearing but hold that the trial Court fell into error and remand the case.

In October, 1970, the defendant, Tom Easterling, agreed to sell his programmed music business to the two plaintiffs and contracted that he would not conduct a background cable music business or similar business is competition with the plaintiffs for a period of ten years in Ector County. Thereafter, the two plaintiffs filed their suit against Tom Easterling and his brother, Wayne Easterling, alleging that as the defendants were partners in the Odessa Music Service in Ector County, they had conspired jointly and had violated the non-competition agreement by operating a competitive background cable music business. Plaintiffs also alleged that the two defendants had "intentionally and willfully interferred with the contractual obligations of The National Bank of Odessa, Inn of the Golden West, Ramada Inn, First National Bank of Odessa and the Acme Company, and have persuaded the above named businesses to break their contracts with the Plaintiffs herein." Actual and exemplary damages were alleged and prayed for as well as injunctive relief. Attached to the petition as an exhibit was the contract which contained the Tom Easterling non-competition covenant.

Tom Easterling filed his motion for summary judgment alleging that plaintiffs "failed to submit any affirmative fact, reason or basis for recovery, under law, of any amount or other relief of or from said Defendant, TOM EASTERLING, and that the complaint set forth in Plaintiffs' Original Petition, is insufficient as a matter of law to form a basis for any Judgment against the said Defendant, . . ." On April 27, 1972, the trial Court granted this motion for summary judgment and dismissed Tom Easterling from the case.

■ By their first point, the Appellants assert that "the trial Court erred in granting a Motion for Summary Judgment dis-

missing TOM EASTERLING as a Defendant." By cross-point, it is contended that this point and the balance of the points are too general and do not direct the attention of the Court to any error. The point regarding the granting of the summary judgment is sufficient to comply with Rule 418(b), Texas Rules of Civil Procedure, and allows argument as to all the possible grounds upon which summary judgment should have been denied. Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119 (Tex.Sup.1970). While legitimate criticism may be leveled to one of the other points, we are able to determine the grounds relied upon by looking at the accompanying statements and arguments under each respective point. We will consider the points. 4 Tex.Jur.2d, Appeal and Error—Civil Cases, Sec. 648.

As to the motion for summary judgment in favor of Tom Easterling, it was one directed to the plaintiffs' petition and was not supported by affidavits, depositions, admissions or other extrinsic evidence. We assume for our purposes that the motion was specific in pointing to defects of the petition. Such a specific motion has been likened to a special exception challenging the sufficiency of the pleading as a matter of law. 4 McDonald, Texas Civil Practice, Sec. 17.26.8. For the purposes of the hearing on the motion, the factual allegations of the petition are admitted, the petition is then construed most liberally in favor of the pleader and is entitled to the benefit of every reasonable inference which can be properly drawn in its favor. Garza v. Perez, 443 S.W.2d 855 (Tex.Civ.App.—Corpus Christi 1969, no writ). Under these rules, the petition stated a cause of action against Tom Easterling on the allegations made regarding the breach of the non-competition agreement and justified the recovery of possible damages and injunctive relief. 31 Tex.Jur.2d, Injunctions, Sec. 63, p. 137. Again, where it alleged a concerted action with the brother in breaching the plaintiffs' various established contracts, a cause of action was stated which though general in form was sufficient for the tort claim of interference with performance of contracts and where damages can be recovered. Clements v. Withers, 437 S.W.2d 818 (Tex.Sup.1969). The Appellee can secure no comfort from the failure of the plaintiffs to appear at the hearing as summary judgment under these circumstances should not have been granted on default of these opponents, but only on the merits of the summary judgment proof. Swilley v. Hughes, 488 S.W. 2d 64 (Tex.Sup.1972). While the trial Court has the inherent power to dismiss a plaintiff's petition for want of prosecution, this course was not adopted and we are not in a position to say that the present dismissal can be justified on this ground under this record, where the only reason given was the inadequacy of the plaintiffs' petition. 4 McDonald, Texas Civil Practice, Sec. 17.18. The first point is sustained.

After Tom Easterling was dismissed from the case, Wayne Easterling then filed a cross-action against the plaintiffs and alleged that the plaintiffs by bringing their original suit had accused Wayne of deceptive trade practices and unethical interference with contracts and by the suit had *slandered* his credit reputation. On March 13, 1973, after trial before the Court, final judgment was rendered which after stating that the plaintiffs failed to appear recited that the Court "finds that Plaintiffs' Original Petition fails to state a cause of action and should be in all things dismissed." It is then recited that the plaintiffs' petition be dismissed and judgment entered whereby Wayne Easterling is awarded judgment against the plaintiffs, Carlile and Beil, for actual damages in the sum of $8,000.00 and exemplary damages in the sum of $8,000.-00.

Complaint is made as to the finding by the Court in its final judgment that the Plaintiffs' Original Petition failed to state a cause of action. As previously pointed out, the trial Court was in error in this finding. Also, the attempt by the Court to

adjudicate the merits of petition of the non-appearing plaintiffs was one beyond the power of the Court to render. The only proper judgment to be rendered against non-appearing plaintiffs is one of dismissal without prejudice. Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428 (1959) ; 4 McDonald, Texas Civil Practice, Sec. 17.18, p. 102.

While this error could be corrected by our judgment without the necessity of a remand, the error next presented requires a remand.

■ The Appellants contend that the trial Court erred in failing to file findings of fact and conclusions of law which they requested in the time and in the manner prescribed by Rule 296, Tex.R.Civ.P. In accord with Rule 297, Tex.R.Civ.P., the Appellants in writing called the attention of the trial Court to the omission to file the requested findings and conclusions within the time prescribed. There is no statement of facts in the record as no court reporter was present when the case was finally heard. Under such circumstances, this failure on the part of the trial Court constitutes reversible error. Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117 (1944) ; Cooper v. Sullivan, 455 S.W.2d 958 (Tex.Civ.App.—El Paso 1970, no writ). In view of the fact that no court reporter was present and the lapse of time since the date of the final trial, we decline to return the matter to the trial Court for findings under Rule 434, Tex.R.Civ.P.

■ Appellants complain of the judgment awarded to Wayne Easterling on the cross-action on the ground that his pleadings fail to allege a cause of action. While such pleadings are defective, this is not an appeal from a default judgment and Rule 90, Tex.R.Civ.P., precludes any complaint at this time as to defects of the pleadings. This last point is overruled.

However, for the errors pointed out, the *judgment* of the trial Court is in all respects reversed and remanded.