Robert E. Lee and Maurice Duke, Respondents, Appellants, *v.* Elsa Harris Silver, an Infant over the Age of Fourteen Years, and Frita Harris Silver, Appellants, Respondents.*

First Department, June 18, 1941.

* Modfg. and affg. 176 Misc. 307.

*Morton Miller* of counsel [*Bernard L. Miller*, attorney], for the respondents-appellants.

*Jacob Goldberg* of counsel [*Goldberg & Goldberg*, attorneys], for the appellants-respondents.

GLENNON, J.   These are cross-appeals which bring up for review an order entered at Special Term which, in effect, denied the defendants' motion to dismiss the first and second causes of action set forth in the complaint and granted the dismissal of the third cause of action.

It is alleged in each of the three causes of action that the defendant Frita Harris Silver is the mother of the defendant Elsa Harris Silver, an infant born on September 17, 1923.

The infant defendant, who is a vocalist, entered into a contract in writing in January, 1940, " individually and by the defendant, Frita Harris Silver, as her guardian  *  *  *  to engage the plaintiffs as managers and personal representatives for the defendant, Elsa Harris Silver, for a period of three years from the date of the agreement,  *  *  *."

In the first and second causes of action it is alleged that the defendant Elsa Harris Silver in or about January, 1941, did rescind, disaffirm and repudiate the agreement.   The plaintiffs in their first cause of action seek to recover damages for fraud based upon an alleged false representation that the defendant Frita Harris Silver, the mother, had been appointed the general guardian of the person and property of the infant defendant, Elsa Harris Silver, by the Surrogate's Court on December 23, 1939, and that the said Frita Harris Silver as a result thereof had full power to enter into the agreement and legally bind the infant so that the agreement could not be rescinded or repudiated by the infant.

The defendants contend, in effect, and properly so, that the infant had a right to rescind and repudiate the contract.   (*Aborn* v. *Janis*, 62 Misc. 95; affd., 122 App. Div. 893.)   Whether or not the mother had been appointed general guardian of her daughter would have no bearing upon the outcome of this controversy.   The so-called false representation is not material and, consequently, the first cause of action must fall.

The second cause of action is based upon the following allegations:

" *Twelfth.* That prior to and at the time of the making of the said agreement, and with full knowledge of the plaintiffs' work and endeavors, and as a further inducement to the plaintiffs to

enter into said agreement, the defendants then and there falsely and fraudulently stated and represented to the plaintiffs that the defendants, to further protect the plaintiffs, intended and were about to submit the aforesaid agreement to the Surrogate's Court of the County of New York whence letters of guardianship had been issued to the defendant, Frita Harris Silver, for such court's approval and sanction.

" *Thirteenth.* That the said representations made by the defendants were false and untrue, and known by the defendants to be false and untrue when made, and were made with intent to deceive and defraud the plaintiffs; and that in truth the defendants never intended, to further protect the plaintiffs, to submit the aforesaid agreement to the Surrogate's Court of the County of New York whence letters of guardianship had been issued to the defendant, Frita Harris Silver, for such court's approval and sanction, and the defendants did not so submit such agreement as aforesaid and in fact no letters of guardianship had been issued to the defendant, Frita Harris Silver, as aforesaid."

We know of no authority in this State, either statutory or otherwise, which places the burden upon the surrogates of New York county either to sanction, approve or disapprove of contracts for personal services, such as are set forth in the agreement which the infant defendant in this case repudiated. The so-called representation concerns a matter which the plaintiffs should have known could not be fulfilled. Consequently, we have reached the conclusion that the second cause of action has no foundation either in law or in fact and, consequently, should have been dismissed.

The third cause of action is based upon the claim that the defendant Frita Harris Silver, " with full knowledge of the aforesaid agreement * * *, wrongfully * * * and maliciously " induced her daughter to repudiate and break the agreement. We are of the opinion that the justice at Special Term, who passed upon this motion, was correct when he stated that " A cause of action exists against a person who maliciously procures another to breach a contract for personal services. (*Hornstein* v. *Podwitz*, 254 N. Y. 443; *Campbell* v. *Gates*, 236 id. 457; *Lamb* v. *Cheney & Son*, 227 id. 418; *Posner Co.* v. *Jackson*, 223 id. 325.) The wrongful act is malicious when done without legal or social justification. I do not believe that the rule should include advice given by a parent to an infant child to disaffirm a contract. Public policy dictates that parents should have an absolute right to advise their infant children with regard to all matters; that such a right should be exercised freely and should not subject the parent to any inquiry as to motive. Such an unrestricted right is one most calculated to promote the best interests of the family relationship. * * *."

For the reasons assigned, the order on the facts disclosed so far as appealed from should be modified to the extent of dismissing the first and second causes of action; otherwise affirmed, with twenty dollars costs and disbursements to the defendants.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur.

Order, so far as appealed from, unanimously modified to the extent of dismissing the first and second causes of action, and as so modified affirmed, with twenty dollars costs and disbursements to the defendants.