GEORGE G. MACDONALD, Petitioner

v.

MARY S. TRAMMELL, Respondent

No. A-8749.  Decided April 4, 1962
356 S.W. 2d 143

*Small, Small & Craig,* Austin, for petitioner.

*Carter, Stiernberg, Skaggs & Koppel,* Harlingen, *L. Hamilton Lowe,* Austin, for respondent.

ASSOCIATE JUSTICE CULVER delivered the opinion of the Court.

Petitioner, MacDonald, a real estate broker, brought this suit against Mrs. Mary S. Trammell, a resident of Cameron County, respondent herein, and Ras Redwine, a resident of Travis County, for damages. The suit is based upon these allegations: that William L. Trammell, now deceased, orally contracted with MacDonald to pay him a commission for the sale of certain real property; that Mrs. Trammell, his widow, entered into a conspiracy with Redwine, the purchaser, to induce her husband to breach that contract; that as a result of that conspiracy Trammell was fraudulently induced to breach the contract.

Mrs. Trammell's plea of privilege to be sued in the county of her residence was sustained by the trial court and that order has been affirmed by the Court of Civil Appeals, (351 S.W. 2d 89), on the ground that no cause of action lies against one who induces the breach of an agreement which may not be enforced under the provisions of Sec. 28, Art. 6573a, Vernon's Annotated Civil Statutes.

We granted the application on the basis of a conflict between this decision and that rendered by the Dallas Court of Civil Ap-

peals in Yarber v. Iglehart, 264 S.W. 2d 474 (1953), no writ history, and in Davis v. Freeman, 347 S.W. 2d 650, no writ history (1961).

◼ We are of the opinion that no cause of action can be successfully asserted against Mrs. Trammell for inducing her husband not to pay the commission nor for conspiring with another to bring about that result. Assuming, but not deciding, that the resident defendant, Redwine, could be held liable in damages for tortiously interfering with the performance of an unenforceable contract, it does not follow that there exists a joint cause of action against Redwine and Mrs. Trammell nor one for fraud on her part so as to fix venue as to Mrs. Trammell in Travis County by reason of Exceptions 4 or 7 of the general venue rule, Art. 1995, Vernon's Annotated Civil Statutes.

In the first place Mrs. Trammell had as much of a financial interest at stake in this matter as did her husband. The property involved was a part of their community estate and the alleged debt was a community obligation. Although the husband is vested with the management and control of the community estate, it would be rather anomalous to hold that she would subject herself in damages for advising and consulting with her husband in respect to their common interests. Secondly, we are of the opinion that to so hold would be against sound public policy. The case of Lee v. Silver, 262 App. Div. 149, 28 N.Y.S. 2d 333, affirmed 38 N.E. 2d 233, cited by respondent is rather illuminating on this problem. In that case the mother was sued in damages for having wrongfully and maliciously induced her daughter to repudiate and breach a contract of employment. In holding that it would be against public policy to make a parent liable for advising a child the court said:

"A cause of action exists against a person who maliciously procures another to breach a contract for personal services. The wrongful act is malicious when done without legal or social justification. I do not believe that the rule should include advice given by a parent to an infant child to disaffirm a contract. Public policy dictates that parents should have an absolute right to advise their infant children with regard to all matters; that such a right should be exercised freely and should not subject the parent to any inquiry as to motive. Such an unrestricted right is one most calculated to promote the best interests of the family relationship."

In Nelson v. Melvin, 236 Iowa 604, 19 N.W. 2d 685, the

court held that parents have the right to advise their child to breach a marital contract and that such advice or the result thereof is not actionable, aptly pointing out:

"If any other rule were to be pronounced, it would be inviting litigation of a character which would do much to break family discipline and control."

To the same effect is Conway v. O'Brien, 269 Mass. 425, 169 N.E. 491.

We think that this principle applies with equal if not greater force in respect to the relationship of husband and wife. As argued by Mrs. Trammell, if she could be held liable for attempting to persuade her husband not to carry out this unenforceable contract, she would be equally liable for inducing him to plead the statute of limitations where the debt was barred by that statute, or to seek refuge in the statute of frauds and for a like reason the husband would be liable in case he advised the wife to plead coverture. It follows that if she is not liable for inducement she cannot be held for conspiracy to induce.

Among the mutual marital rights and obligations is the right of one spouse to the society, comfort, affection and assistance of the other. Article 1985, Vernon's Ann. Civ. Stat., provides that the husband shall be joined as a party in suits for separate debts and demands against the wife. Our courts have said that the theory of this rule is to the end that the husband may aid, protect, counsel and assist the wife in defending the suit. Holmes v. Jackson, Texas Civ. App., 200 S.W. 2d 276, no writ history; Rhoades v. Fredwell, Texas Civ. App., 192 S.W. 2d 295, wr. of er. ref. n.r.e. Surely then the law would not deny to the wife the corresponding obligation and privilege of offering aid and assistance to the husband in matters affecting their common interests.

■ Both the trial court and the Court of Civil Appeals have reached the correct result and that result may properly rest on a ground other than on a decision of the point of law asserted to be in conflict. A decision of that point will not necessarily control the disposition of this case and we therefore do not have jurisdiction. Williams v. Williams, 160 Texas 99, 325 S.W. 2d 682.

Accordingly the order granting the application for writ of

error is set aside and the application is dismissed for want of jurisdiction.

Opinion delivered April 4, 1962.