R. M. STEPHENS and Robert J. Sabinske, Appellants,

v.

Alice Faye DUNN et al., Appellees.

No. 293.

Court of Civil Appeals of Texas.

Tyler.

July 20, 1967.

Spruiell, Lowry, Potter, Lasater & Guinn, John H. Minton, Jr., Tyler, for appellants.

Fields, Fields & Hardee, Robert Fields, Athens, for appellees.

DUNAGAN, Chief Justice.

This is a venue case arising in the District Court of Henderson County, Texas. The appeal is from an Order Overruling

the Pleas of Privilege of appellants, R. M. Stephens and Robert J. Sabinske, each seeking to transfer the case to Dallas County, Texas, the county of his residence. Appellees, Alice Faye Dunn, Joel Ernie Dunn, Patsy Raz and husband, Jerry Raz, and Carolyn Blumenthal and husband, Ernie Blumenthal, controverted the Pleas of Privilege, relying upon Exceptions 9a and 29a, Article 1995, Vernon's Ann.Tex. Rev.Civ.Statutes. The venue hearing was had before the court without a jury. No findings of fact or conclusions of law were requested by any party and none were made.

Appellees, as the surviving widow and heirs at law of the deceased, Earnest Nebraska Dunn, instituted the suit against appellants, seeking to recover exemplary damages for his death, allegedly resulting from "gross negligence" on the part of appellants in Henderson County, Texas, on July 6, 1965. Appellant Robert J. Sabinske, doing business as National Development Company, was then engaged in doing certain dirt and excavation work at the Lake Shore Development on Cedar Creek Lake in Henderson County, and appellant Stephens was superintendent for Sabinske on the job. The deceased, who was likewise an employee of Sabinske, was working with Stephens at the time of the fatal accident, and the suit sought, as against appellants, exemplary damages only for gross negligence.[1]

At the conclusion of the hearing, the court below overruled the Pleas of Privilege, from which ruling this appeal has been timely perfected. The sole question presented is whether the appellees established upon the hearing that the death of Earnest Nebraska Dunn resulted from the "gross negligence" or willful misconduct of Stephens. Appellants assert that, as a matter of law, the evidence fails to show either "gross negligence" or willful misconduct on the part of appellants as alleged by appellees. In view of such assertion, it is necessary to briefly review the evidence adduced by appellees.

It was established that the deceased was a bulldozer operator hired by Stephens, the superintendent for the construction project in which channels fronting lake lots on Cedar Creek Lake in Henderson County, Texas, were being excavated. During the progress of the work, the deceased had in some manner while operating the bulldozer run one of the tracks off and, in attempting to fix the track, a large truck-tractor was used to pull the bulldozer down from the top of an embankment. The truck engine died because of a low battery and thereupon two farm-type tractors were tied by chains to the front end of the truck and were used to pull it a sufficient distance to start the engine. Stephens was operating the truck and another employee of Sabinske's, by the name of Dyess, was driving one of the tractors. Clyde Hammer, another Sabinske employee, was driving the other tractor and Dunn was assisting. Immediately prior to the accident, the deceased had unhooked the chains from the front of the truck and the tractors and started up the slope of the embankment, carrying the chains. Stephens, after warming up the engine of the truck, commenced backing it along the channel for a short distance and then backed up the slope of the embankment. In some manner—not shown in the evidence—the truck came in contact with Dunn and he was pulled under the rear wheels of the truck. It was shown that before backing the truck, Stephens had observed one workman near his truck and waited until this man had cleared himself before backing, but Stephens did not attempt to determine the exact location of the deceased before backing. There was

---

[1]. Appellees were paid fatal benefits under the Texas Workmen's Compensation Act by the employer's insurer, and this action was brought under the provisions of Sec. 5, Art. 8306, V.A.T.S. Suits for exemplary damages for wrongful death are authorized also by Art. 16, Sec. 26, V.A.T.Const. and by Art. 4673, V.A.T.S.

evidence that Dunn had been on the job for about two weeks and that Stephens did not consider him a satisfactory bulldozer operator. He had earlier on the date of the accident taken the deceased off the bulldozer. There was, however, no evidence of animosity between Stephens and Dunn, and Stephens had not known the deceased until he hired him for this particular job. There was evidence that after the truck struck Dunn, Dyess yelled at Stephens advising him he had struck Dunn, but apparently Stephens did not hear the warning and, in some manner, operated the truck so that it ran over the deceased a second time. Stephens denied that Dyess had yelled a warning to him and testified that he did not know he had struck Dunn until he had gotten out of his truck.

Following the tragedy, Stephens immediately went to Dunn's assistance and told Dunn, "Ernie, I wouldn't have had this happen for anything in the world." Stephens quoted Dunn's reply as, "I know it, Steve. You couldn't help it." Stephens ran to his truck, got water and gave it to Dunn and sent another employee for an ambulance. Dunn died about thirty minutes following the accident. Appellant Stephens further testified that the deceased was a hard worker although he was somewhat inexperienced in operating a bulldozer. He emphatically denied that he knew Dunn was on the slope at the time he commenced the movement of the truck.

The evidence shows, however, that after the ambulance had arrived and removed the deceased and while the remaining workmen were standing there, Stephens, according to a witness, made the statement, "The son-of-a-bitch is better off dead than he would be alive; he would have killed somebody with the equipment." It is principally upon this statement and the inferences therefrom that the appellees seek to establish gross negligence on the part of appellant Stephens. The latter's testimony was offered by deposition and it does not appear that he was ever given an opportunity to admit or deny making the statement.

In their pleadings, appellees allege seven acts of negligence against Stephens, as follows: (a) failing to keep a proper lookout; (b) backing the truck at a high and dangerous rate of speed; (c) backing the truck over the deceased; (d) turning the truck into the direction of the deceased; (e) failing to give to the deceased any sound of warning of his approach; (f) failing to properly apply the brakes; and (g) operating the truck in such a manner as to be extremely hazardous.

It is assumed, although no point is made of it upon this appeal, that if the appellees had met their burden of establishing "gross negligence" against appellant Stephens, the same would be imputable to appellant Sabinske. The view we take of the disposition of this case renders it unnecessary for us to pass upon the question of whether Sabinske was a "necessary party" within the meaning of Exception 29a, Art. 1995 aforesaid.

We recognize that in passing upon the sufficiency of the evidence to support the order of the trial court overruling the Pleas of Privilege, we must disregard all adverse evidence and give credit only to that evidence which is favorable to appellees and that we must indulge every reasonable conclusion that is favorable to the successful parties. Kirby Lumber Corporation v. Treadway, 382 S.W.2d 316 (Tex.Civ.App., Beaumont, 1964, err. dism.) and Skidmore v. Finley, 396 S.W.2d 952 (Tex.Civ.App., Dallas, 1965, no writ).

Upon an appeal from a judgment sustaining or overruling a Plea of Privilege, the power of this court to review fact findings is the same as it is in any other appealed case. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (Tex.Com.App., 1935, holding approved). Where no fact findings are filed, the reviewing court will presume that the trial court resolved all issuable facts in such a way

as to support the judgment entered. Martinez v. General Beverage Distributors, 312 S.W.2d 284 (Tex.Civ.App., Waco, 1958, no writ); Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

While we recognize the above rules of appellate review, we cannot ignore the clearly established law that the right to be sued in one's own bailiwick is a valuable one. Speed v. Chas. Lyon Co., 69 S.W.2d 147 (Tex.Civ.App., El Paso, 1934, no writ); Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S.W. 5 (1898); Calhoun v. Padgett, 409 S.W.2d 890, 893 (Tex.Civ.App., Tyler, 1966, n. w. h.). In order to deprive a person of this valuable right of trial in the county of his residence, the case filed against him must clearly come within one of the exceptions found in the Venue Statute. City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466 (1943). Exceptions to the Venue Statute are strictly construed in favor of the defendant and must be clearly established before a citizen can be deprived of the right to be sued in the county of his residence. National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021 (1943); Admiral Motor Hotel of Texas, Inc. v. Community Inns, 389 S.W.2d 694 (Tex.Civ. App., Tyler, 1965, no writ). All doubts are resolved in favor of the defendant. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747 (1923); Compton v. Elliott, supra.

Appellees plead a case of "gross negligence" and sought to sustain venue solely on the theory that appellants had been guilty of "gross negligence," resulting in the death of the decedent. Under Exception 9a of Art. 1995 aforesaid, it was therefore incumbent upon appellees to establish by a *preponderance of the evidence* that an act or omission amounting to *gross negligence* had occurred in the county of suit; that such gross negligence was that of the appellants; and that it was a proximate cause of the death of the decedent. Since the *character* of suit, as

alleged, was one of "gross negligence," appellees had the burden of proving "gross negligence" in order to maintain venue in Henderson County. Compton v. Elliott, supra; Producers Chemical Company v. Stamps, 346 S.W.2d 162 (Tex.Civ.App., Amarillo, 1961, mand. overr.); Magnolia Petroleum Co. v. Heldt, 236 S.W.2d 255 (Tex.Civ.App., Texarkana, 1951, no writ).

In a suit for gross negligence the showing of mere ordinary negligence is not sufficient to establish venue in the county of suit. Appellants must be shown to have been guilty of the type or character of negligence for which the action, as alleged by appellees, would lie. Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062 (1938); Carey v. Smith, 168 S.W.2d 889 (Tex.Civ.App., Eastland, 1943, no writ); Thompson v. Elder, 263 S.W.2d 321 (Tex. Civ.App., Galveston, 1953, no writ); Process Engineering Company of Fort Worth v. Rosson, 287 S.W.2d 511 (Tex. Civ.App., Galveston, 1956, no writ); and Mims v. Seltzer, 143 S.W.2d 973 (Tex. Civ.App., Beaumont, 1940, err. dism.). The cause of action proved must be the one plead. MacDonald v. Trammell, 351 S.W. 2d 89 (Tex.Civ.App., Austin, 1961, dism., w. o. j., 163 Tex. 352, 356 S.W.2d 143, 1962).

We are of the opinion that appellees did not meet their burden of establishing by a preponderance of the evidence that appellant Stephens committed an act of "gross negligence" on the occasion made the basis of the suit and the trial court erroneously overruled appellants' Pleas of Privilege.

"Gross negligence," in order to be a ground of recovery of exemplary damages, should be that entire want of care as to raise the belief that the act or omission of which complaint is made was the result of *conscious indifference* to the right or welfare of the person or persons to be affected by it. Missouri Pac. Ry. Co. v. Shuford, 72 Tex. 165, 10 S.W. 408

(1888). This rule has been followed consistently in Texas. Texas Pac. Coal & Oil Co. v. Robertson, 125 Tex. 4, 79 S.W.2d 830, 98 A.L.R. 262 (1935); Sheffield Division, Armco Steel Corporation v. Jones, 376 S.W.2d 825 (Tex.Sup., 1964). "Gross negligence" is usually *positive* or *affirmative* rather than merely passive or negative. J. S. Abercrombie Co. v. Scott, 267 S.W.2d 206 (Tex.Civ.App., Galveston, 1954, n. r. e.). Mere inattention or indifference is insufficient—there must be a *conscious* indifference. The importance of this was stressed by Judge Smedley in Texas Pac. Coal & Oil Co. v. Robertson, supra. This court, in Armstrong v. Texas Power & Light Co., 399 S.W.2d 922 (Tex. Civ.App., Tyler, 1966, n. r. e.) in quoting from other authorities, held in part as follows:

> " 'In order that a recovery of exemplary damages may be sustained, the plaintiff must show, not merely that the defendant could have or ought to have foreseen and prevented the loss or injury of which the plaintiff complains, but that he acted intentionally or wilfully, or with a degree of "gross negligence" which approximates a fixed purpose to bring about the injury of which the plaintiff complains. The mental factor is also described in the reports by the terms "malice," "fraud," "oppression," "recklessness," and the like. Regardless of the expression which is used to describe it, the purpose or intention of the defendant is determinative of his liability for exemplary damages.' "

Assuming, without deciding, that the evidence in this case is sufficient to establish that Stephens failed to keep a proper lookout for the deceased or that he should have ascertained his whereabouts before, moving the truck, there is evidence that he did exercise *some* care and we are of the opinion that if his conduct was negligence, it amounted to no more than ordinary negligence, as distinguished from gross negligence. The statement allegedly made by Stephens appears to be an attempt after the accident to excuse his actions rather than show any pre-existing "conscious indifference" to the welfare of Dunn. Appellees argue that there was at least some evidence that Stephens' conduct amounted to "gross negligence." We do not find in the record any evidence of probative force establishing the necessary element of conscious indifference on the part of Stephens to the welfare of Dunn. In any event, "gross negligence" was not established by a preponderance of the evidence and the trial court erred in overruling the Pleas of Privilege.

The judgment of the trial court is reversed, and it is ordered that the cause as to both appellants be transferred to a district court of Dallas County, Texas.

