Julian WALKER et ux., Plaintiffs,

v.

UNITED STATES et al., Defendants.

No. 77–47–Civ–Oc.

United States District Court,
M. D. Florida,
Ocala Division.

July 7, 1978.

Arthur E. Neuman, Stuart R. Wolk, Amarjit S. Bakshi, Washington, D. C., Robert R. Perry, Palatka, Fla., for plaintiffs.

Thomas E. Morris, Asst. U. S. Atty., Jacksonville, Fla., for defendants.

OPINION

CHARLES R. SCOTT, Senior District Judge.

Defendants have moved to dismiss, or in the alternative for summary judgment on, the two counts in plaintiffs' complaint.

### Facts

On April 21, 1975, plaintiffs, who resided in McAllen, Texas (near Brownsville) and who owned and operated the Palmview Golf Motel and Travel Trailer Park, were telephoned by the night clerk at the motel in the early hours of the morning. The night clerk informed plaintiff Julian Walker that he had been notified by one or more of the tenants that a person had been seen among the bushes and grapefruit trees on the grounds, moving about suspiciously. Plaintiff Julian Walker took a shotgun and went out to the motel grounds. There he confronted a man, shining a flashlight on him and pointing the shotgun at him. When plaintiff Julian Walker demanded to know who the man was, he identified himself as a special agent of the Drug Enforcement Administration ('DEA'). Plaintiff Julian Walker continued his vigil with his shotgun demanding to know why the agent was trespassing. A few minutes later, the agent was able to disarm plaintiff Julian Walker and ordered him to leave the area of surveillance.

The next day, plaintiff Julian Walker telephoned the DEA and the Federal Bureau of Investigation ('FBI'), complaining about the incident. In the meanwhile, an FBI agent presented a complaint to the Honorable William M. Mallet, United States Magistrate for the Southern District of Texas, Brownsville Division. The complaint charged plaintiff Julian Walker with violating 18 U.S.C. § 111, by forceably assaulting, resisting, opposing, impeding, intimidating, and interfering with a special agent of the DEA, in the performance of his official duties. That same day, April 22, 1975, Judge Mallet issued an arrest warrant for plaintiff Julian Walker. Either that same day, or the next day (April 23, 1975), plaintiff Julian Walker was arrested and brought for an initial appearance before the magistrate.

Slightly more than one month later, May 29, 1975, a grand jury in the Southern District of Texas returned an indictment against plaintiff Julian Walker for violating 18 U.S.C. § 111. The case went to trial on August 8, 1975, and concluded with a jury verdict of not guilty.

### Count Two

Count Two of plaintiffs' complaint is brought against individual defendants: the DEA special agent, James V. Glazener, Jr., and Peter B. Bensinger, DEA administrator. This count is purportedly brought under 28 U.S.C. § 1331 federal question jurisdiction, alleging that plaintiffs' rights guaranteed by the federal Constitution were violated by the individual defendants. Defendants, on the other hand, have moved to dismiss Count Two for lack of subject matter jurisdiction. They assert that there is no federal question raised by Count Two of plaintiffs' complaint and the Court therefore is without jurisdiction under 28 U.S.C. § 1331.

This issue is controlled by a recent en banc decision of the United States Court of Appeals for the Fifth Circuit, *Rodriguez v. Ritchey*, 556 F.2d 1185 (5th Cir. 1975) (en banc). In that case the Court of Appeals held that despite an indictment, arrest, and pretrial proceedings against the wrong individual, that person did not present a case or controversy based upon either (1) federal statute, (2) federal common law, or (3) the United States Constitution. *Id.* at 1189. As the Court of Appeals declared, "it is axiomatic that jurisdiction of a claim in the federal courts must find its base in one of [those] three sources". *Id.* In order to invoke the Court's jurisdiction for claims allegedly rooted in the federal Constitution, one must demonstrate that the injury or damages suffered resulted from unconstitutional conduct. In that case, as in this one, the plaintiff urged the court to recognize and fashion a remedy for a "constitutional tort", as the Supreme Court did in *Bivens v.*

**40**

Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Fifth Circuit refused, noting that unlike the situation in *Bivens v. Six Unknown Named Agents, supra,* the federal defendants did not act without probable cause or warrant and did not use unreasonable force. The fact that the plaintiff in *Rodriguez v. Ritchey, supra,* was ultimately determined to be innocent, and in fact the wrong person, did not make the law enforcement conduct by the federal defendants in that case unconstitutional.

> . . . just because a person validly arrested is later discovered to be innocent does not make the arrest "unlawful" for fourth amendment purposes. To the contrary, it has long been settled that an indictment by a properly constituted grand jury conclusively determines the existence of probable cause and provides the authority for an arrest warrant to issue. The conclusion to be drawn is readily apparent: since there was no unconstitutional arrest, no claim has been stated under the *Bivens* rationale. *Rodriguez v. Ritchey,* 556 F.2d at 1190–1191.

Additionally, in *Rodriguez v. Ritchey, supra,* the Court of Appeals rejected the plaintiff's claim that a right under the federal common law had been violated.

> First, and most basically, an arrest made under authority of a properly issued warrant is simply not a "false" arrest, it is a "true" or valid one. Second, if the facts supporting an arrest are put before an intermediate such as a magistrate or grand jury, the intermediate's decision breaks the causal chain and insulates an initiating party. Third, the general rule is that one who is engaged merely in investigatory work is not liable for a resulting false arrest, even if he acted maliciously. *Id.* at 1193.

Although the plaintiff might have stated a claim for relief under state court law, unless the federal defendants had acted without "a properly issued warrant", or without the causally intervening decision of a magistrate or grand jury, or beyond the scope of mere investigatory work," "the essentials of a common law action for false arrest, malicious prosecution or abuse of process" are not alleged, not to mention such claims under federal common law. *Id.* at 1193, 1194.

Count Two of the complaint in the present case is completely governed by *Rodriguez v. Ritchey, supra.* Taking the allegations in the complaint, together with the assertions in the answer, and the statements of facts in plaintiffs' and defendants' memoranda, neither unconstitutional conduct by the defendants which would justify a claim and remedy stemming from the federal Constitution, nor a claim based upon federal common law, has been stated by plaintiffs. Plaintiff has not alleged any unconstitutional conduct by defendants. Plaintiff alleges that the DEA agent, defendant Glazener, was trespassing. Assuming that were so, it would at best be a violation of state law. Plaintiff asserts that defendant Glazener cursed him abusively. Again, if it should be so, it would at best be a violation of state law. It should by now, however, be obvious that conduct which is wrongful and violates state law does not automatically or necessarily amount to unconstitutional conduct. *See Paul v. Davis,* 424 U.S. 693, 711–12, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405, 420 (1976).

■ Furthermore, in the present case plaintiff Julian Walker was arrested pursuant to a "properly issued [arrest] warrant," issued by a magistrate, and was tried on charges in a grand jury's indictment. Even if Agent Glazener had acted with any malice during the incident on April 21, 1975, because he was engaged in investigatory surveillance, he cannot be held liable under federal common law for the arrest, indictment, and trial that resulted from plaintiff Julian Walker's interjection into that investigatory work.

On a motion to dismiss for lack of subject matter jurisdiction, the burden remains on a plaintiff to show that the court's limited federal jurisdiction has been properly invoked. *McNutt v. GMAC,* 298 U.S. 178, 182–83, 56 S.Ct. 780, 782, 80 L.Ed. 1135, 1137–38 (1935); *Rosemound Sand & Gravel*

*Co. v. Lambert Sand & Gravel Co.,* 469 F.2d 416, 418 (5th Cir. 1972); *Birmingham Post Co. v. Brown,* 217 F.2d 127, 130 (5th Cir. 1954). The axiom stated by the Fifth Circuit in *Rodriguez v. Ritchey,* 556 F.2d at 1189, "that jurisdiction of a claim in the federal courts must find its base in one of three sources—federal statute, federal common law, or the United States Constitution" —is a corollary to the basic principle that the subject matter jurisdiction of federal courts is strictly limited. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 278, 97 S.Ct. 568, 571, 50 L.Ed.2d 471, 478 (1977). It is always the duty of a federal court, therefore, to inquire and satisfy itself about the genuineness of its limited subject matter jurisdiction. *Id.* at 278, 50 L.Ed.2d at 478. When the absence of subject matter jurisdiction is demonstrated to a federal court, it has no authority to reach the merits of the case, and it has no discretion about the matter: it is incumbent upon the court to, and it must, dismiss the action. *Rodriguez v. Ritchey,* 556 F.2d 1192 n. 30; *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.,* 549 F.2d 368, 391 (5th Cir. 1977); *Melo v. United States,* 505 F.2d 1026, 1030 (8th Cir. 1974); *International Video Corp. v. Ampex Corp.,* 484 F.2d 634, 636 (9th Cir. 1973). See Fed. R.Civ.P. 12(h).

█ In the present case, the Court is convinced that its federal question, subject matter jurisdiction does not exist. Plaintiffs have failed to carry their burden to demonstrate a federal question arising under the United States Constitution, concerning alleged unconstitutional conduct by the federal officers who are defendants; or arising under the narrow federal common law, for conduct that was without the justificatory authority of probable cause, valid arrest warrants, a neutral judicial officer or quasi judicial body, and legitimate investigatory activity. *Rodriguez v. Ritchey, supra,* dictates the conclusion that Count Two of the complaint fails to assert a federal question to invoke the Court's subject matter jurisdiction. Hence, the Court's duty is inescapable. Count Two must be dismissed without the Court deciding the merits of

plaintiffs' allegations, and defendants' defenses and other grounds for their motion to dismiss.

Additionally, plaintiffs now concede that Count Two of the complaint, as it proceeds against former acting DEA administrator Peter B. Bensinger, should be dismissed. The Court agrees and it will be so ordered.

### Count One

Count One of the complaint purports to invoke the Court's jurisdiction under 28 U.S.C. § 1346 and § 1402(b), for claims arising under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Plaintiff Julian Walker and his wife, Geraldine Walker attempt to bring this claim jointly.

The filing of a written claim to the appropriate federal agency, for recovery of a sum certain amount of damages sustained by the claimant, is a jurisdictional prerequisite for filing a case under the Federal Tort Claims Act. 28 U.S.C. § 2675(a). *Blain v. United States,* 552 F.2d 289, 291 (9th Cir. 1977); *Rosario v. American Export-Isbrandtsen Lines, Inc.,* 531 F.2d 1227, 1231 (3d Cir. 1976); *Commonwealth of Pa. v. National Ass'n of Flood Insurers,* 520 F.2d 11, 20, 23–24 (3d Cir. 1975); *Executive Jet Aviation, Inc. v. United States,* 507 F.2d 508, 514–15 (6th Cir. 1974); *Melo v. United States,* 505 F.2d at 1028–30; *Caton v. United States,* 495 F.2d 635, 637 (9th Cir. 1974); *Best Bearings Co. v. United States,* 463 F.2d 1177, 1179 (7th Cir. 1972); *Bialowas v. United States,* 443 F.2d 1047, 1048–50 (3d Cir. 1971); *Mann v. United States,* 399 F.2d 672, 673 (9th Cir. 1968); *Ostrer v. Aronwald,* 434 F.Supp. 379, 382 (S.D.N.Y.1977). The United States, as the sovereign, cannot be sued without its consent to waive its immunity. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114, 121 (1976); *Honda v. Clark,* 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244, 254–55 (1967); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058, 1061 (1941). Whenever the United States waives its immunity, and consents to be sued, it has the prerogative to expressly

find the limiting conditions under which it will waive its immunity and permit itself to be sued. *United States v. Testan,* 424 U.S. at 399, 96 S.Ct. 948, at 953, 47 L.Ed.2d at 121; *Honda v. Clark,* 386 U.S. at 501, 87 S.Ct. at 1197, 18 L.Ed.2d at 254–55; *United States v. Sherwood,* 312 U.S. at 586, 61 S.Ct. at 769, 85 L.Ed. at 1061.

An express condition for invoking a federal court's jurisdiction over a purported federal tort claim is the filing of a written, administrative claim for the recovery of a sum certain amount in damages sustained by the claimant. In the present case, plaintiff Julian Walker apparently submitted such a claim, by his counsel, on August 6, 1976. His wife, Geraldine Walker (co-plaintiff in this case), was not named as a claimant on that claim. Neither did she sign it.

The law is settled that one person cannot file a prerequisite administrative tort claim for another person, *Blain v. United States,* 552 F.2d at 291, *Commonwealth of Pa. v. National Ass'n of Flood Insurers,* 520 F.2d at 23–24; and specifically one spouse may not presume that his or her own independent claim is automatically raised or implied in the administrative claim of the other spouse. *See Heaton v. United States,* 383 F.Supp. 589, 590–91 (S.D.N.Y.1974); *Collazo v. United States,* 372 F.Supp. 61–62 (D.P.R.1973). In short, one spouse may not rely on the administrative claim of another spouse.

■ Plaintiff Julian Walker, however, contends that in claiming the loss of consortium as an item of injury on his administrative form, he also raised the claim of his wife, Geraldine Walker. Under the Federal Tort Claims Act, determination of claims and damages is governed by the law of the state in which the wrongful act occurred. *United States v. Muniz,* 374 U.S. 150, 153, 83 S.Ct. 1850, 1852, 10 L.Ed.2d 805, 809 (1963); *Neal v. United States,* 562 F.2d 338, 341 (5th Cir. 1977); *Lambertson v. United States,* 528 F.2d 441, 443 (2d Cir. 1976); *Black v. United States,* 263 F.Supp. 470, 471 (D.Utah 1967). The alleged wrongful acts in this case occurred in Texas. Under Texas law, "the loss of consortium . . .

include[d] [the] right to affection, society, comforts, and the assistance of [the spouse]". *Smith v. Smith,* 225 S.W.2d 1001, 1006 (Tex.Civ.App.1949). That right, under Texas law, is a right mutually available to either spouse, *McDonald v. Trammell,* 163 Tex. 352, 356 S.W.2d 143, 145 (1962). There is, therefore, no question that plaintiff Julian Walker's wife, Geraldine Walker, could raise a claim under Texas law for loss of consortium resulting from the alleged injury to her husband. But in order to do so, she must invoke this Court's jurisdiction over such a claim. By having failed to file the jurisdictionally prerequisite written, administrative claim of her own, she is barred from bringing this action for her own claim under Texas law; and the Court has no jurisdiction over it. Consequently, her claim in Count One, under the Federal Tort Claims Act, must be dismissed.

The Court will dismiss Count Two of the complaint by both plaintiffs against defendant James V. Glazener, Jr., and Peter B. Bensinger. Further, the Court will dismiss the purported claim of Geraldine Walker against the United States in Count One of the complaint. This case shall proceed to trial on the claim of Julian Walker in Count One of the complaint, but only for the period "commencing on or about April 21, 1975, and continuing thereafter," as sought in his written administrative claim. Consequently, all allegations in Count One of the complaint concerning events and alleged damages stemming from the period of time prior to April 21, 1975, are stricken; and no proof will be permitted concerning them.