**Lewis Tyne TINKLE, et al**

v.

**Bill F. McGRAW, et al.**

**Clv. A. No. B–84–1219–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 27, 1986.

Thomas J. Sibley, Everett Lord, Beaumont, Tex., for plaintiffs.

March H. Coffield, John H. Seale, Seale, Stover, Coffield, Gatlin & Bisbey, Jasper, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

The gravamen of the motion for summary judgment before this court centers around two issues: whether cross defendant, Kip Kevin Lamb, has breached a contract for the sale of property to cross-plaintiffs, and whether Kip Lamb was privileged to intervene in the contractual dealings between the other parties to this suit. After reviewing the pleadings, evidence, and factual circumstances of this case, this court grants Kip Lamb's motion for summary judgment and dismisses the cross-action against him, as no genuine issue of material fact exists.

### FACTS

On December 10, 1984, plaintiffs Lewis Tyne Tinkle and Betty Hudson filed this diversity action against defendants Bill F.

McGraw and J.A. Adams, alleging that as a result of defendants' scheme to defraud and deceive, the plaintiffs were induced to sell their property to defendants at a price substantially below its fair market value. Kip Lamb and Melba Horn Lamb were brought into this suit by way of cross-action filed by defendants.

Although several facts still remain in dispute as to plaintiffs' claim of fraud, it is certain that prior to the institution of suit, plaintiffs and Melba Lamb[1] began negotiating the sale of certain mineral and surface interests in two tracts of land located in Jasper County, Texas, to defendant J.A. Adams. During these deliberations, J.A. Adams was represented by his attorney and co-defendant, Bill McGraw. Kip Lamb[2] acted and participated as agent and attorney for plaintiffs and Melba Horn Lamb. Defendants understood the capacity in which Kip Lamb had been performing, and frequently contacted him with reference to the real estate transaction.

Although there is some debate as to whether a legally enforceable contract existed between the parties regarding the purchase and sale of the Jasper County property, it is uncontroverted that on June 21, 1984, plaintiffs signed and returned to defendants a general warranty deed and mineral deed describing said property. It is also apparent that Melba Horn Lamb was required to sign said instruments in order to pass her interest in the property.

The defendants sought to secure Melba Lamb's signature. In pursuit of this signature, the defendants approached Kip Lamb with the deeds previously signed by the plaintiffs. Upon inspection, Kip Lamb suspected that the transaction and the instruments were not in order. Based upon his advice, Melba Lamb refused to sign the instruments. In turn, plaintiffs tendered back the purchase price, and refused to further negotiate with the defendants. Defendants subsequently instituted a cross-action against Kip Lamb and Melba Lamb, alleging breach of contract, specific performance, and contractual interference with the real estate transaction. Cross-defendant Kip Lamb now moves for summary judgment, contending there is no genuine issue of material fact since he was not a party to the contractual relationship between plaintiffs and defendants, and because he engaged in privileged contractual interference.

## BREACH OF CONTRACT

This court finds that cross-plaintiffs have produced no summary judgment evidence indicating that Kip Lamb agreed or contracted to sell any interest in the Jasper County property, or that Kip Lamb ever owned or represented that he owned such an interest. Thus, no contractual relationship existed between Kip Lamb and cross-plaintiffs, and, accordingly, cross-plaintiffs' claims of breach of contract and specific performance are dismissed with prejudice from this cause.

## CONTRACTUAL INTERFERENCE

Pursuant to Texas law, in order to maintain an action for contractual interference, it must be established that there was a contract subject to interference, the act of interference was willful and intentional, such intentional act was a proximate cause of plaintiffs' damage, and actual damage or loss occurred. *Black Lake Pipeline Co. v. Union Construction Co., Inc.*, 538 S.W.2d 80 (Tex.1976); *Armendariz v. Mora*, 553 S.W.2d 400 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.). With regard to the above elements, this court need not consider whether cross-plaintiffs have presented sufficient evidence to overcome and circumvent Kip Lamb's motion for summary judgment since this court finds that Kip Lamb's actions and advice was privileged and he was justified in interfering with the contractual relationship between plaintiffs and defendants.

---

1. Lewis Tyne Tinkle, Betty Hudson, and Melba Horn Lamb are sisters and co-owners of the property in question.

2. Kip Lamb is the son of Melba Horn Lamb and the nephew of Lewis Tyne Tinkle and Betty Hudson.

Texas law is clear that a person who is in a confidential relationship with a party to a contract is privileged to induce the breach of such a contract. *Russell v. Edgewood Independent School District,* 406 S.W.2d 249 (Tex.Civ.App.—San Antonio 1966, writ ref'd n.r.e.). *See also, MacDonald v. Trammell,* 163 Tex. 352, 356 S.W.2d 143 (1962)[3] (which held that a wife cannot be held liable for attempting to persuade her husband not to carry out an unenforceable oil contract to pay commission for the sale of real property which was part of their community estate), and *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 553 (5th Cir.1981) (which noted that where an agent induces his principal to breach a valid contract with a third party, and the agent is found to have acted within the scope of his authority, the agent's actions in inducing his principal to breach a contract are privileged).

In the case at bar, a confidential relationship existed between Kip Lamb, Lewis Tyne Tinkle, Betty Hudson, and Melba Horn Lamb. Kip Lamb is closely related to plaintiffs and Melba Horn Lamb, and was at all relevant times acting as attorney and counsel for said parties. Kip Lamb also represented plaintiffs and Melba Lamb in several past legal matters.[4] Additionally, cross-plaintiffs became aware of the attorney/client relationship between Kip Lamb, plaintiffs, and Melba Lamb, since cross-plaintiffs frequently contacted Kip Lamb during the contractual negotiations made the basis of this lawsuit.[5]

Under these circumstances, Kip Lamb could be expected to advise and instruct plaintiffs and Melba Lamb and deal at arm's length with cross-plaintiffs without becoming liable for intervening into their real estate transaction. *See, Morris v. Bailey,* 398 S.W.2d 946 (Tex.Civ.App.—Austin 1966, writ ref'd n.r.e.).

Cross-plaintiffs contend that a fact issue still exists as to whether Kip Lamb acted as agent and attorney for plaintiffs. However, this court finds this contention is untenable because Kip Lamb was still privileged to offer his advice concerning this matter whether or not he was then employed as his aunts' attorney, since Kip Lamb, as prior counsel and nephew to plaintiffs, was justified in advising them concerning the propriety of consummating the sale of the real estate in question, based upon his familial and professional judgment.

It is, accordingly, ORDERED that Kip Lamb's motion for summary judgment is granted, and that the cross-action against him is hereby DISMISSED with prejudice.

---

**3.** The Texas Supreme Court in *MacDonald* noted that courts in other jurisdictions recognize that parents have the right to advise their child to disaffirm a contract, and that such advice or the result thereof is not actionable. The court further noted that "public policy dictates that parents should have an absolute right to advise their infant children with regard to all matters; that such a right should be exercised freely and should not subject the parent to any inquiry as to motive." This observation by the court impacts directly on the present case, since it carries with it reciprocal underpinnings, especially where a son or nephew is also an attorney to the parties to contract. Thus, Kip Lamb, as son, nephew, and attorney to Melba Lamb and plaintiffs, should be permitted to advise his mother and aunts freely without fear of liability for contractual interference.

**4.** Deposition of Kip Lamb, p. 7.

**5.** *Id.* pp. 7, 12–13, 38–40, 42–43, 46.