Donald Ray HOOKS, Plaintiff,

v.

**ARMY AND AIR FORCE EXCHANGE SERVICE, Defendant.**

Civil Action No. 3:93–CV–1607–D.

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 14, 1996.

Donald Ray Hooks, Lancaster, TX, pro se.

Stafford Hutchinson, Asst. U.S. Atty., Dallas, TX, for defendant.

FITZWATER, District Judge:

Defendant Army and Air Force Exchange Service ("AAFES") moves pursuant to Fed. R.Civ.P. 12(b)(1) to dismiss this action for lack of subject matter jurisdiction.[1] The court grants the motion.

---

1. AAFES moves in the alternative for summary judgment. The court need not reach this motion.

## I

Plaintiff Donald Ray Hooks ("Hooks") sues defendant AAFES, contending it is liable because it undertook adverse employment actions against him in retaliation for protected whistleblowing and union activities. AAFES employed Hooks at its Fashion Distribution Center in Dallas, Texas. Hooks also served as a union steward in his shop, which was organized by Local 2921 of the American Federation of Government Employees, AFL–CIO ("AFGE"). In this capacity, Hooks made several safety and unfair labor practice complaints to the Occupational Safety and Health Administration ("OSHA") and the Federal Labor Relations Authority ("FLRA"), which resulted in several citations against AAFES. On February 25, 1992 AAFES suspended Hooks for seven days for "failure to report to work." On April 14 AAFES suspended him for one day for failing to respond to his supervisor while speaking on the telephone. In 1992 AAFES implemented new production standards for AFGE employees. When it created the new standards, AAFES gave employees a 16–week grace period during which they were to receive no adverse employment actions based on poor performance. Despite this, Hooks received a warning letter for poor performance two days prior to the end of the grace period. This letter was rescinded, and a second letter citing Hooks for meeting only 50–55% of the production standards was issued on March 19, 1992. Hooks continued to have difficulty meeting the new production standards, and was issued an Advance Notice of Separation for Unsatisfactory Performance on May 4, 1992. On June 3, 1992 Hooks was terminated.

Hooks grieved the adverse employment actions taken against him pursuant to the procedure set forth in his collective bargaining agreement. Before proceeding to arbitration, however, the grievances were settled. Under the terms of the settlement, Hooks released all causes of action arising out of the employment actions, and AAFES paid Hooks $4,000 and removed any reference to the disciplinary suspensions and discharge from his file. In December 1992 Hooks filed a charge with the FLRA alleging a breach of the settlement agreement, but later withdrew the charge.

Hooks now appears to allege that he was fraudulently induced to enter the settlement agreement and that he did not intend to waive his right to sue AAFES in federal court. Hooks brings the instant *pro se* action against AAFES, alleging that the adverse employment actions taken against him were in retaliation for his whistleblowing and union activities.

## II

■ AAFES, like other military exchanges, enjoys the same immunities afforded the federal government by statute and under the Constitution. *Army Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 733–34, 102 S.Ct. 2118, 2122–23, 72 L.Ed.2d 520 (1982).[2] Except to the extent that Congress has waived the sovereign immunity of the federal government, there is no jurisdiction in the federal courts to entertain suits against the Secretary of Defense and AAFES. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980). Consequently, this court has jurisdiction over plaintiff's suit against AAFES only if Congress has expressly waived immunity. *Army Air Force Exch. Serv.*, 456 U.S. at 734, 102 S.Ct. at 2122.

### A

■ *Pro se* complaints are to be liberally construed. *E.g., Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir.1990). They are to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines*, 404 U.S. at 520, 92 S.Ct. at 596. A court is expected to exercise "common sense" in interpreting these frequently diffuse pleadings, *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 260 (5th Cir.1976) (citation omitted), and is to accord them a

**2.** For this reason, Hooks could not bring a cause of action pursuant to the anti-retaliation provisions of the Occupational Safety and Health Act, 29 U.S.C. §§ 651–678. The United States government is not an "employer" under the Act. 29 U.S.C. § 652(5).

"liberal yet realistic construction." *Johnson v. Estelle*, 625 F.2d 75, 77 (5th Cir.1980). Although *pro se* pleadings are to be treated more liberally, "the burden remains on a plaintiff to show that the court's limited federal jurisdiction has been properly invoked." *Walker v. United States*, 471 F.Supp. 38, 40 (M.D.Fla.1978), *aff'd*, 597 F.2d 770 (5th Cir. 1979).

### B

Plaintiff attempts to invoke jurisdiction in this case based on "the Whistleblower Protection Act of 1989, 5 U.S.C. Section 1201, 1213" and common law principles. These are insufficient grounds to establish this court's jurisdiction.

■ To the extent plaintiff purports to ground jurisdiction based on the common law, the court lacks jurisdiction. The common law does not constitute an "unequivocally expressed" waiver of sovereign immunity sufficient to permit actions against the federal government. *See United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969).

■ 5 U.S.C. § 1201 likewise provides no basis for the court to exercise jurisdiction. This section pertains to the process by which individuals are appointed to the Merit Systems Protection Board ("MSPB"). The MSPB adjudicates certain employment matters involving government organizations and employees. *See, e.g.,* 5 U.S.C. § 1221. Section 1221(a) authorizes an employee alleging a prohibited personnel practice under § 2302(b)(8) of the Whistleblower Protection Act of 1989 [3] to seek corrective action from the MSPB. Hooks apparently attempts to demonstrate jurisdiction based on the substantive provisions of the Act.

**3.** Pub.L. No. 101–12, 103 Stat. 16, (codified as amended in various sections of 5 U.S.C.).

**4.** The Special Counsel is the head of the Office of Special Counsel, appointed by the President for a term of five years. 5 U.S.C. § 1211. The Special Counsel receives and investigates allegations of prohibited personnel practices, and may seek disciplinary action where appropriate. 5 U.S.C. § 1212.

**5.** An employee may appeal MSPB determinations to a district court only if the claim is for discrimi-

■ Plaintiff's reference to § 1213 also appears to invoke the Act. Section 1213 provides the procedures to be followed by the Special Counsel [4] when an employee reports a violation of law or gross mismanagement, waste, or abuse of authority by a government agency. It contains no provisions regarding retaliation against any such reporting employees, other than to keep their identities confidential in most cases. *See* 5 U.S.C. § 1213(h).

■ The court therefore analyzes its jurisdiction in the instant dispute under the substantive provisions of the Whistleblower Protection Act. Section 2302 does not itself contain an enforcement mechanism. *See Saunders v. MSPB*, 757 F.2d 1288, 1290 (Fed.Cir.1988) (holding § 2302 not independent source of appellate jurisdiction to MSPB). Thus an employee aggrieved by a violation of § 2302(b)(8) may enforce his rights by seeking an investigation by the Special Counsel and corrective action from the MSPB pursuant to §§ 1214 and 1221. Judicial review of a decision of the MSPB rests in the Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1) (Supp.1996).[5] Consequently, to the extent it is predicated on the provisions of title V, plaintiff's action cannot be prosecuted in this court.[6]

Plaintiff's claims pursuant to 5 U.S.C. § 2302(b)(8) are dismissed without prejudice for lack of subject matter jurisdiction.

### C

AAFES is a nonappropriated-fund instrumentality of the United States. Employees are generally paid from income generated by its activities, which include providing mer-

nation, within the coverage of 5 U.S.C. § 7702(a)(1)(B). None of plaintiff's claims falls into the categories of discrimination addressed in the statute. *See* 5 U.S.C. § 7703(b)(2).

**6.** In reaching this conclusion, the court intimates no view concerning whether plaintiff has met the jurisdictional prerequisites for appeal to a circuit court. *See* § 1214(a)(3) (requiring recourse to Special Counsel prior to seeking corrective action from MSPB); § 7703 (requiring MSPB determination prior to appeal to court of appeals).

chandise and services to military personnel on Army and Air Force bases. *See Perez v. Army Air Force Exch. Serv.*, 680 F.2d 779, 780–81 (D.C.Cir.1982).

As a nonappropriated-fund employee, plaintiff obtains whistleblower protection from 10 U.S.C. § 1587 (Supp.1996),[7] which vests responsibility for preventing retaliation against "nonappropriated fund instrumentality employee[s]." The court presumes, in accordance with the liberal view afforded *pro se* complaints, that plaintiff's whistleblower claims are brought pursuant to § 1587. Plaintiff contacted the Department of Defense Inspector General with his complaint, as required by § 1587.[8] Thus the court's construction of plaintiff's complaint is consistent with his actions in response to his termination.

■ Section 1587 provides no recourse to this court. This section states that the Secretary of Defense shall be responsible for the prevention and correction of retaliation against nonappropriated-fund employees who report illegal or wasteful activities. 10 U.S.C. § 1587(d). The Secretary may issue regulations to carry out the statute. *See* 10 U.S.C. § 1587(e). The Secretary has by directive prescribed such regulations, and they do not include a mechanism for judicial review. Nor has the court located or been pointed to any case authority establishing a right to enforce the provisions of § 1587 in district court. Because plaintiff has not met his burden of establishing jurisdiction, *see Walker*, 471 F.Supp. at 40–41, the court must dismiss the action.

### D

Plaintiff's complaint appears also to state a claim of retaliation for his union activities. Nonappropriated-fund employees are subject to the labor-management relations portions of the Civil Service Reform Act, 5 U.S.C. §§ 7101–7154. *See* 5 U.S.C. § 7103(a)(3) (defining nonappropriated-fund instrumentalities as "agencies"). Retaliation for union activities is an unfair labor practice, 5 U.S.C. § 7116(a)(1) and (4), which is subject to the arbitration procedures of plaintiff's collective bargaining agreement. *See* 5 U.S.C. § 7121(b)(1)(C) (requiring binding arbitration); § 7121(d) (requiring employee affected by prohibited practice under § 2302 to elect either arbitration or statutory procedure). Plaintiff filed grievances regarding his suspensions, as well as his termination. These claims were settled and arbitration was not completed.

■ Absent the entry of an arbitrator's award and the filing of exceptions with the FLRA, there is no federal court jurisdiction. Moreover, even if plaintiff had proceeded to arbitration and appealed to the FLRA, appellate jurisdiction would lie in the court of appeals. 5 U.S.C. § 7123. This is true whether plaintiff opted to arbitrate his retaliation claim or to file a charge with the FLRA pursuant to 5 U.S.C. § 7118. *See* 5 U.S.C. § 7123(a)(1). Under no set of facts would this court have jurisdiction over plaintiff's action.

Accordingly, to the extent plaintiff raises an unfair labor practice claim, it is dismissed without prejudice for lack of subject matter jurisdiction.

\*     \*     \*

Defendant's motion to dismiss for lack of subject matter jurisdiction is granted, and this action is dismissed without prejudice by judgment filed today.

**SO ORDERED.**

---

**7.** The existence of a separate statute providing analogous protections to those found at 5 U.S.C. § 2302(b)(8) supports the court's conclusion that plaintiff may not bring this action pursuant to title V.

**8.** Had plaintiff intended to enforce his rights under 5 U.S.C. § 2302(b)(8), he would have presented his complaints to the Special Counsel. *See* 5 U.S.C. § 1214(a)(3).